**W. E. CANAVAN, Appellant,**

v.

**STARKEY PLUMBING COMPANY OF CONROE, INC., Appellee.**

**No. 1043.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 30, 1974.

George D. Gordon, Baggett, Kirk, Gordon & Vitulli, Houston, for appellant.

J. Ritchie Field, Coker, Field & Moxcey, Conroe, for appellee.

CURTISS BROWN, Justice.

Starkey Plumbing Company of Conroe, Inc. (appellee) brought suit in Montgomery County, Texas, on a sworn account. One year after filing suit, it sought to obtain process on Canavan (appellant). Although unsuccessful in this regard they nevertheless obtained a default judgment on April 30, 1971. On July 20, 1971, they filed a motion to set aside the default judgment. On July 24, 1971, more than thirty days after the date of judgment, the trial court purported to grant this motion. There was no motion for new trial filed. Subsequent to the granting of the motion to set aside the default judgment, service was obtained on appellant. He then filed a plea of privilege which was granted and the cause transferred to Galveston County. Appellant then filed a motion to dismiss for want of jurisdiction alleging that the default judgment in Montgomery County had become final. The motion was denied and upon the trial of the case, appellee obtained a judgment for $2,381 plus costs, from which appellant appeals.

The motion to set aside the default judgment was not a motion for new trial as it was not timely filed. Texas Rules of Civil Procedure, Rule 329b. Neither can it be said that the motion was intended to correct "clerical errors" in the judgment. Rules 316–319 Tex.R.Civ.P., Rule 329b, section 5 Tex.R.Civ.P. provides that the trial court loses jurisdiction thirty days after entry of judgment or order overruling a motion for new trial. The Supreme Court in McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961) held that a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional powers to render it. The court stated: "Into this category will fall those cases in which a default judgment is asserted to be void for *want of service*, or of valid service, of process." McEwen v. Harrison, *supra*, at 710 (emphasis ours). While it is true that service was not obtained as required by Rule 107, Tex.R.Civ.P., the appellant W. E. Canavan would have had to file a bill of review attacking the Montgomery County judgment rendered April 30, 1971 and show a meritorious defense. Such a remedy might still be available to him provided he can show such meritorious defense. Also, his action in relying upon the finality of that judgment to induce this Court to dismiss because of lack of jurisdiction may prevent him from maintaining such a bill. His assertion here that such judgment is res judicata may also compromise his right to a bill of review. The Montgomery County judgment is a final judgment until set aside by a bill of review. Therefore, the trial court erred in refusing to dismiss for want of jurisdiction.

Reversed and cause dismissed.