**MUNSON ENGINEERING, INC., Appellant,**

**v.**

**Honorable Anthony J.P. FARRIS, Judge, 151st District Court Harris County, Respondent.**

**No. C14–83–732–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 9, 1984.

Rehearing Denied March 8, 1984.

Edward A. Mattingly, Hudgins, Hudgins & Warrick, Houston, for relator.

John E. Williams, Jr., Blizzard & Williams, Houston, for respondent.

Before JUNELL, MURPHY and SEARS, JJ.

OPINION

SEARS, Justice.

This is an original writ of mandamus proceeding. It was instituted by Munson Engineering, Inc., relator, against Honora-

ble Anthony Farris, Judge of the 151st District Court of Harris County, to require him to rescind an order setting aside a default judgment previously entered against Frank W. Murphy Manufacturer, Inc., (hereinafter Murphy). Murphy was also made a respondent in this action. We agree with relator that the judgment in question had become final and that Judge Farris was without power to set it aside.

On June 15, 1982, relator brought suit against Murphy alleging that Murphy had failed to pay for professional services rendered by relator, to Murphy, pursuant to an agreement between the parties. Mr. Richard Harris, Vice-President of Murphy, was duly served with process on August 10, 1982. The Monday next following the expiration of 20 days after the date of service was Monday, September 6, 1982 (a legal holiday). A Default Judgment against Murphy was signed by Judge Farris on Tuesday morning, September 7, 1982. An answer by Murphy was filed sometime on the same day. It appears that Murphy's first notice of the Default Judgment was on April 15, 1983, when a copy of the default judgment was mailed by relator's attorney to the attorney for Murphy. The clerk of the court failed to give Murphy notice of the default judgment pursuant to Rule 239a, TEX.R.CIV.P. On April 20, 1983, Murphy filed with the court a Motion to Vacate and Set Aside Void Default Judgment. After a hearing on the motion, Judge Farris on April 25, 1983 entered an order which vacated and set aside the default judgment entered on August 7, 1982. In response to the motion to vacate, and in a Motion for Rehearing after the order vacating the default judgment had been granted, relator pointed out to Judge Farris that more than thirty days had elapsed since the default judgment had been entered, no Motion for New Trial had been filed, and under Rule 329b, TEX.R.CIV.P., the trial court was without jurisdiction to set aside the Default Judgment.

The trial court has plenary power to grant a new trial or to vacate a judgment within thirty days after the judgment is signed. TEX.R.CIV.P. 329b(d). However, after the expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law. TEX.R.CIV.P. 329b(f).

In *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961), the Texas Supreme Court dealt with an attempt to vacate a default judgment on the basis that the judgment was void because of a failure of service of citation. There, more than two months after a default judgment had become final, the trial judge granted a motion to vacate the judgment. The Supreme Court found upon the basis of Rule 329b that:

> When the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it.... *McEwen*, 345 S.W.2d at 710.

The Supreme Court assumed, without deciding, that the default judgment was void but held that the order vacating the default judgment is unauthorized and void because the district court had jurisdictional power when it entered the default judgment, and the motion to vacate was filed after the court lost jurisdiction and did not qualify as a bill of review as required by Rule 329b.

The term "jurisdictional power" as used in *McEwen* was addressed by the supreme court in *Deen v. Kirk*, 508 S.W.2d 70 (Tex. 1974). The court found that those words "mean jurisdiction over the subject matter, the power to hear and determine cases of the general class to which the particular one belongs. *We were not speaking of jurisdiction over the parties* (emphasis added)." *Id.* at 72.

We agree with relator that Judge Farris was without jurisdiction to vacate the default judgment and the order of April 25, 1983, is itself void. It is clear that the Motion to Vacate was filed long after the expiration of 30 days following the entry of

the default judgment; no motion for new trial was filed; and the trial court had jurisdiction over the subject matter at the time the default judgment was entered. Even if we accept Murphy's argument that the default judgment was "void," Murphy has not met the requirements of Rule 329b. After the expiration of the time period within which the trial court has plenary power, a default judgment cannot be set aside by the trial court except by a bill of review. *McEwen v. Harrison,* 345 S.W.2d at 710; *Deen v. Kirk,* 508 S.W.2d at 72; *Canavan v. Starkey Plumbing Company of Conroe, Inc.,* 515 S.W.2d 695 (Tex.Civ. App.—Houston [14th Dist.] 1974, no writ); TEX.R.CIV.P. 329b. In these circumstances, the order of April 25, 1983, purporting to set aside the default judgment previously rendered, is void and should itself be set aside.

We assume that Judge Farris will set aside his order of April 25, 1983 promptly after our judgment in this proceeding becomes final. In the event he fails to do so, a writ of mandamus will issue.

The writ is conditionally granted.