**AETNA CASUALTY & SURETY COMPANY, Relator,**

v.

**Honorable Ed J. HARRIS, et al., Respondents.**

**No. 01–84–0652–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 29, 1984.

Suzanne Underwood, Edward J. Hennessy & Associates, Edward J. Hennessy & Associates, Houston, for relator.

Leonard C. Kahn, Kahn & Maierson, P.C., Houston, for respondent.

Before WARREN, COHEN and LEVY, JJ.

OPINION

LEVY, Justice.

Relator seeks a writ of mandamus compelling the respondent trial judge, Hon. Ed J. Harris, to vacate and set aside his order of August 10, 1984, which reinstated the cause of action. Relator also seeks the writ of mandamus to compel Judge Harris to reinstate the order dated February 24, 1984, dismissing the cause for want of prosecution.

This action grows out of a lawsuit filed in 1981 by relator styled *The Aetna Casualty & Surety Company v. Frank (Franklyn) Tarver*, Cause No. 122,177, in the 10th District Court of Galveston County, in which relator appealed from a final ruling of the Industrial Accident Board. On February 24, 1984, the case was dismissed for want of prosecution. However, Tarver's attorney did not receive actual notice of the dismissal until April 16, 1984. Tarver timely filed a motion to reinstate, but before the court took action, he filed a motion to withdraw the motion to reinstate, and that motion was granted. Thereafter, on July 17, 1984, Tarver filed a second motion to reinstate. On August 10, 1984, this second motion to reinstate was granted. It is this last action that is the basis of the relator's complaint.

Tex.R.Civ.P. 165a controls the trial court's reinstatement of a case following dismissal for want of prosecution. *Gilbert v. Huber, Hunt, Nichols, Inc.*, 672 S.W.2d 9 (Tex.App.—San Antonio), *writ ref'd n.r.e.*, 671 S.W.2d 869 (Tex.1984) (per curiam). Rule 165a(2) provides that a motion to reinstate must be filed within 30 days after the order of dismissal is signed or within the period provided by rule 306a. *See also Clark & Company v. Giles*, 639 S.W.2d 449 (Tex.1982) (interpretation of similar timetable under rule 329b). Further, if a party adversely affected by an appealable order has not received notice of its signing within 20 days thereafter, then the period for filing begins on the date that the party received notice or acquired actual notice, whichever occurs first. Rule 306a(4). Finally, rule 165a further provides that in the event a motion for reinstatement is not decided by signed, written order within 75 days after the dismissal is signed, or within such other time allowed by rule 306a, the motion is overruled by operation of law.

■ Applying these rules to the facts of the case, the first motion to reinstate was timely filed on April 23, 1984, but the court never ruled on this motion. Calculating the 75 days from April 16, 1984, when Tarver's attorney received notice of the court's dismissal, the motion was overruled by operation of law on June 30, 1984. Although the court had plenary power for 30 days thereafter to reinstate the case, the last possible day the court could have reinstated the case was July 30, 1984. Thus the trial court lacked jurisdiction on August 10, 1984, to grant the second motion to reinstate.

■ This court is required to issue a writ of mandamus to compel a trial judge to refrain from acting outside the court's jurisdiction. *E.g., Munson Engineering, Inc. v. Farris*, 666 S.W.2d 355 (Tex.App.—Houston [14th Dist.] 1984, no writ). Accordingly, relator's petition for writ of mandamus is conditionally granted to compel the trial judge to set aside his order of August 10, 1984, granting Tarver's second motion to reinstate, and to reinstate his order of dismissal dated February 24, 1984. The writ of mandamus will issue only if Judge Harris does not comply with this order.