Michael **MANDUJANO**, Appellant,

v.

Florencio **OLIVA**, Appellee.

No. 04–87–00479–CV.

Court of Appeals of Texas,
San Antonio.

June 30, 1988.

Rehearing Denied Aug. 24, 1988.

Larry A. Matthys, Thornton, Summers, Beichlin, Dunham and Brown, San Antonio, for appellant.

Robert A. Valdez, John D. Wennermark, San Antonio, for appellee.

Before CANTU and DIAL, JJ., and KLINGEMAN, Assigned Justice.

## OPINION

FRED V. KLINGEMAN, Assigned Justice.*

This is an appeal from a dismissal for want of prosecution. The lawsuit involves an automobile accident which occurred in San Antonio on February 26, 1983. The suit was filed on January 30, 1985, and discovery was commenced following the appearance of defendant. Mandujano filed a jury demand on June 24, 1986 and paid the jury fee on that date. At the time of filing the jury demand, Mandujano filed a motion to set the case on the jury trial docket in January, 1987.[1] On March 27, 1987, the District Clerk of Bexar County gave notice to all parties to the litigation that the case was set for hearing on May 8, 1987, on the dismissal for want of prosecution docket.[2] The attorney for Mandujano was out of the

country on the date of the dismissal hearing, and an associate from his office was sent to the hearing. Instead of appearing in the 288th District Court where the hearing was conducted, the associate went to the Presiding District Court for the hearing. Because of the failure of Mandujano or his attorneys to appear at the hearing in the 288th District Court, the case was dismissed for want of prosecution by an order signed May 8, 1987.

On May 14, 1987, Mandujano filed a Motion to Reinstate Dismissed Case, which was admittedly defective in that it was not verified, as required by TEX.R.CIV.P. 165a. A hearing on this motion was held on May 26, 1987, and reinstatement was denied. Thereafter, on June 3, 1987, Mandujano filed his Plaintiff's Amended Motion to Reinstate Dismissed Case, which contained an affidavit from the associate who had failed to attend the hearing in the 288th District Court on May 8, 1987. On June 16, 1987, an order denying the original motion was signed. A hearing was set on the amended motion for June 17, 1987, on which date it too was overruled. On June 19, 1987, Mandujano filed his Motion for Rehearing, which contained an affidavit from Judge John Cornyn, explaining that the associate attorney had appeared before him in Presiding District Court on May 8, 1987, to argue against dismissal of the lawsuit. This motion was overruled at a hearing on June 23, 1987. On June 25, 1987, Mandujano filed his Verified Motion to Reconsider and Motion to Reinstate, and hearing was held on this motion on July 8, 1987, at which time it too was overruled.[3]

---

\* Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOVT.CODE ANN. sec. 74.003(b) (Vernon 1988).

1. The Motion to Set does not appear in the Court's file and was apparently not forwarded to Mr. Fred Soele, the civil jury trial assignments clerk. A file-stamped copy of the Motion to Set was, however, attached to Plaintiff's Verified Motion to Reconsider and Motion to Reinstate, following dismissal of the cause for want of prosecution. A subsequently-filed Motion to Set Jury Docket [sic] was filed on May 1, 1987,

to set the case for trial on the jury trial docket in March, 1988.

2. The notice of the setting on the dismissal docket was given "by direction of the Presiding Judge of [73rd District] Court," with the hearing to be held in the 288th District Court.

3. The Order overruling the Motion for Rehearing was signed by Judge Raul Rivera on August 3, 1987. The Order overruling Plaintiff's Verified Motion to Reconsider and Motion to Reinstate was also signed by Judge Rivera on that date.

This appeal is before this Court on three points of error. First, Mandujano urges that the trial court erred in refusing to reinstate the dismissed case on June 17, 1987, at the hearing on the Plaintiff's Amended Motion to Reinstate Dismissed Case, because Mandujano had presented a timely-filed and verified motion to reinstate and demonstrated that his failure to appear at the dismissal docket hearing on May 8, 1987, was the result of a mistake and was not intentional or due to conscious indifference. Second, he urges error in the trial court's refusal to reinstate the dismissed case at the hearing on Plaintiff's Motion for Rehearing, where the trial court had jurisdiction to rule on the matter and it was shown that Mandujano's failure to appear on May 8, 1987, was due to a mistake and was not intentional or the result of conscious indifference. Third, Mandujano alleges error in the trial court's refusal to reinstate the dismissed case at the hearing on Plaintiff's Verified Motion to Reconsider and Motion to Reinstate, since the motion was heard within the court's plenary jurisdiction to reinstate the dismissed case, where it was shown that the case had been prosecuted with due diligence and where the failure to appear at the dismissal hearing was due to mistake and was not intentional or the result of conscious indifference. We find all three points of error to be meritorious, and all are sustained.

■ Rule 165a, Texas Rules of Civil Procedure, provides in pertinent part, that:

A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a....

The court shall reinstate the case upon finding after a hearing that the failure of a party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days

after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

TEX.R.CIV.P. 165a. It is undisputed under the law that the Amended Motion to Reinstate Dismissed Case was verified in accordance with Rule 165a and was filed within thirty (30) days after the order of dismissal was signed. We agree with Mandujano that the motion demonstrated that his counsel's failure to appear was due to mistake and was not intentional or the result of conscious indifference. We find no merit in appellee's contention that Mandujano was limited to a single motion to reinstate the case, particularly since the plain language of Rule 165a states that the trial court has "plenary power to reinstate the case until 30 days after all such timely filed motions are overruled." A proper amended motion to reinstate filed within the period the court has plenary power could be found sufficient for reinstatement of a dismissed case. *See Aetna Casualty & Surety Co. v. Harris,* 682 S.W.2d 670 (Tex.App.—Houston [1st Dist.] 1984, orig. proceeding). Reinstatement of the case is mandated, upon a finding that the failure of either the plaintiff or his attorney to appear at the calling of the dismissal docket was not intentional or the result of conscious indifference, but was due to an accident or mistake or that the failure has been otherwise reasonably explained. *Price v. Firestone Tire & Rubber Co.,* 700 S.W.2d 730, 733 (Tex.App.—Dallas 1985, no writ). We, therefore, sustain Mandujano's first and second points of error, and find that the trial court abused his discretion in failing to order the case reinstated.

■ As to the third point of error, we observe that the Motion for Rehearing was filed on June 19, 1987, and a hearing was held on the motion on June 23, 1987, there-

by falling within the period of plenary jurisdiction for reinstatement of a case.[4] Appellee urges that Mandujano, in addition to not appearing at the dismissal docket hearing, also failed to plead due diligence in prosecution of the lawsuit. What appellee ignores is that although Mandujano, through his counsel, appeared in the wrong court on the date of the dismissal hearing, he did assert he was ready, willing and able to proceed to trial on the case, as evidenced by the unchallenged affidavits of Judge Cornyn and the associate attorney who appeared erroneously before Judge Cornyn. Moreover, the transcript before us in this appeal shows that at least two motions to set this case on the jury trial docket were made, both by Mandujano. Under the latter of these motions the case was pending a March 1988, jury trial setting at the time of its dismissal. Such a record is hardly indicative of a lack of due diligence in prosecution. The trial court may consider the entire history of a case in deciding whether to dismiss for want of prosecution. *State v. Rotello,* 671 S.W.2d 507, 509 (Tex. 1984). The test for appellate review of dismissal for want of prosecution is whether the trial court committed a clear abuse of discretion. *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85 (1957). Under the record before us, we find that the trial court abused his discretion in refusing to reinstate the dismissed case at the hearing on the Plaintiff's Verified Motion to Reconsider and Motion to Reinstate, where the motion was heard within the court's plenary jurisdiction and where on its face the record demonstrates the case had been prosecuted with due diligence. Therefore, we sustain the third point of error and hold that the trial court abused his discretion in failing to order the case reinstated.

We have considered all of appellant's points of error and all are sustained. We REVERSE the decision of the trial court

and REMAND the cause for reinstatement and trial on the merits.

4. Plaintiff's Amended Motion to Reinstate Dismissed Case was overruled on June 17, 1987. Under Rule 165a(3), the trial court retained plenary jurisdiction to reinstate the case "until 30 days after all such timely filed motions are overruled." Accordingly, the Motion for Re-

hearing filed on June 19, 1987, and heard on June 23, 1987, which contained an affidavit from District Judge John Cornyn, in whose court the associate attorney erroneously appeared for the dismissal docket, should have been granted.