No. 04-98-00969-CV


In Re Cassimiro Cruz



and



No. 04-98-01061-CV


In Re K.C. Roofing, Inc.



Consolidated Original Proceedings


Related Trial Court No. 96-CI-09905

From the 225th Judicial District, Bexar County, Texas

Honorable John J. Specia, Jr., Judge Presiding(1)



Opinion by: Paul W. Green, Justice


Sitting: Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and filed: February 10, 1999


WRIT OF MANDAMUS CONDITIONALLY GRANTED


 Maria and Rick Lorenzo sued Cassimiro Cruz and K.C. Roofing, Inc. The trial court
dismissed their suit for want of prosecution but later reinstated it. Cruz and K.C. Roofing
then filed separate petitions for a writ of mandamus, alleging the trial court reinstated the
case outside its plenary power. We agree and conditionally grant the writ of mandamus.

Background


 On May 13, 1998, the Lorenzos' suit was dismissed for want of prosecution. On June
26, the Lorenzos filed a verified motion to reinstate, claiming neither they nor their attorneys
had notice of the dismissal until June 24.(2) On July 14, the trial court denied the motion
because the Lorenzos failed to appear for the hearing on their motion to reinstate. On August
28, the Lorenzos filed an amended motion to reinstate and obtained an evidentiary hearing.
On September 17, the trial court granted the motion.

Discussion


 Cruz and K.C. Roofing contend the trial court lost jurisdiction before it reinstated the
Lorenzos' case. We agree.

 Mandamus issues to correct either a clear abuse of discretion or a violation of a duty
imposed by law when there is no other adequate remedy at law. Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). The writ is a proper vehicle for challenging an order entered
outside the trial court's plenary power. See Dikeman v. Snell, 490 S.W.2d 183, 186 (Tex.
1973); cf. Dunn v. Street, 938 S.W.2d 33, 35 (Tex. 1997) (orig. proceeding) (signing void
order is an abuse of discretion for which appeal is inadequate).

 The trial court's plenary power expires thirty days after a dismissal order is signed,
unless a party timely files a verified motion to reinstate. Tex. R. Civ. P. 165a(3); Owen v.
Hodge, 874 S.W.2d 301, 303 (Tex. App.--Houston [1st Dist.] 1994, no writ). If a verified
motion to reinstate is timely filed, then the trial court's jurisdiction expires thirty days "after
all such timely filed motions are overruled, either by a written and signed order or by
operation of law, whichever occurs first." Tex. R. Civ. P. 165a(3). A motion to reinstate is
timely if filed within thirty days of the dismissal order or within the time provided by Rule
306a of the Rules of Civil Procedure. Tex. R. Civ. P. 165(a)(3); see also In re Jones, 04-98-00214-CV, slip op. at 3-4 (Tex. App.--San Antonio, May 27, 1998, orig. proceeding [pet.
dism'd]).

 In this case, the motion to reinstate was filed on June 26, forty-four days after the
dismissal order was signed. Assuming the motion was timely under Rule 306a, the trial
court's plenary power expired August 13, thirty days after the court denied the motion. See
Tex. R. Civ. P. 165a(3). Thus, the trial court abused its discretion in signing a reinstatement
order on September 17. See Aetna Cas. & Surety Co. v. Harris, 682 S.W.2d 670, 671 (Tex.
App.--Houston [1st Dist.] 1984, orig. proceeding).

 For the first time in this proceeding, the Lorenzos contend they had no notice or actual
knowledge of the order denying their original motion to reinstate. Therefore, they argue,
"Rule 306a is again applicable." Assuming the trial court applied Rule 306a in this context,
we must conclude it abused its discretion because there is no evidence supporting application
of the rule. Cf. Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989) (illustrating how a ruling
based on no evidence is an abuse of discretion). Because the trial court abused its discretion
in reinstating the case outside its plenary power, we grant the relief requested by Cruz and
K.C. Roofing.

 PAUL W. GREEN

 JUSTICE

DO NOT PUBLISH








1. The Honorable Andy Mireles signed the order at issue in these proceedings, while the Honorable John D.
Gabriel heard the related motion to reinstate. The Honorable John J. Specia is the permanent judge of the 225th Judicial
District Court and is the proper respondent. See In re Acevedo, 956 S.W.2d 770, 770 n.1 (Tex. App.--San Antonio 1997,
orig. proceeding).

2. The motion did not address their "actual knowledge of the signing."
 See Tex. R. Civ. P. 306a(4).
Return to
Fourth Court of Appeals