**Order issued December 22, 2020**



In The

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-20-00205-CV**

———————————

**PAUL  DOUGLAS HANKS, Appellant**

**V.**

**WENDY  ROY  HANKS, Appellee**

---

**On Appeal from the 461st District Court**
**Brazoria County, Texas**
**Trial Court Case No. 89979-F**

---

## ORDER OF ABATEMENT

Paul and Wendy Hanks divorced in 2018. Their agreed final decree of divorce included certain property-division provisions. Just a few months after their divorce, Wendy petitioned to enforce the property division. After continuances, the

trial court entered a default judgment and enforcement order against Paul. The judgment was dated December 9, 2019. Paul filed this appeal on March 5, 2020.

Between the default judgment and the appeal, Paul filed a motion with the trial court to set aside the default judgment. He filed it more than 30 days after the default was entered. *See* TEX. R. CIV. P. 329b(d) (generally, a trial court loses plenary jurisdiction to grant a new trial or modify its judgment 30 days after the judgment is signed); *see Munson Eng'g, Inc. v. Farris*, 666 S.W.2d 355, 357 (Tex. App.—Houston [14th Dist.] 1984, no writ) ("After the expiration of the time period within which the trial court has plenary power, a default judgment cannot be set aside by the trial court except by a bill of review.").

By an unsworn declaration[1] attached to his motion, Paul stated that he first learned of the default more than 20 days after its entry. By doing so, Paul invoked Rule 306a that extends the period for filing post-judgment motions and extends the trial court's plenary power if a party and his attorney do not receive notice within 20 days of the judgment and do not acquire actual knowledge of the signing. TEX. R. CIV. P. 306a(4); *cf. Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993) (Rule 306a ensures a party moving to reinstate "has close to 30 days . . . and in no event

---

[1] An unsworn declaration functions as an affidavit. *See* TEX. CIV. PRAC. & REM. CODE § 132.001(a) (except for certain circumstances not present here, "an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law.").

has less than 10 days" to do so because the rule extends the 30-day deadline if notice of judgment was received more than 20 days after the signing of the judgment).

Paul's assertions in his motion provided prima facie evidence that he did not receive notice or acquire knowledge of the judgment until more than 20 days after it was signed.[2] *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006). And the trial court's plenary power was extended on receipt of the prima facie evidence. *Id.*; *Jarrell v. Bergdorf*, 580 S.W.3d 463, 467 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *see also Tran v. Hong Kong Dev. Corp.*, No. 01-13-00613-CV, 2014 WL 4219470, at *3–5 (Tex. App.—Houston [1st Dist.] Aug. 26, 2014, pet. denied) (holding that denial of notice or knowledge for more than 20 days in Rule 306a motion met prima facie burden and provided jurisdiction to rule on motion to set aside default judgment; until the trial court conducts a hearing and receives evidence on receipt of notice or knowledge about signing of judgment, "trial court is bound to accept the movant's sworn affidavit as true").

The trial court's plenary power was extended to permit it to hold an evidentiary hearing to determine the earliest date that Paul received notice or acquired actual knowledge of the signing of the December 9 judgment. *See In re Lynd Co.*, 195 S.W.3d at 685 (stating that prima facie evidence of late notice

---

[2]  Because Paul was pro se at all relevant times, there is no need to inquire when an attorney might have acquired knowledge. *Cf.* TEX. R. CIV. P. 306a(4).

"invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party . . . first received notice or acquired knowledge of the judgment").

The trial court denied Paul's motion, but it is unclear on what basis it did so given that it had plenary power to conduct the evidentiary hearing, it held a hearing, but it did not state in its order the date Paul first was notified of or acquired knowledge about the signing of the default judgment. *See* TEX. R. CIV. P. 306a(5); TEX. R. APP. P. 4.2(c).

We are unable to determine our jurisdiction. Thus, we abate this appeal and remand this cause to the trial court for an evidentiary hearing and order finding the date that Paul first received actual notice of the default judgment or acquired knowledge of the signing of the judgment. *Jackson v. City of Texas City*, 265 S.W.3d 640, 644 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) ("A court always has jurisdiction to determine its jurisdiction."); TEX. R. APP. P. 44.4; *see* TEX. R. CIV. P. 306a(5); TEX. R. APP. P. 4.2(c); *see also Lickety Split Express, Inc. v. Lyndee Sols., Inc.*, No. 03-19-00142-CV, 2019 WL 2402980, at *1–2 (Tex. App.—Austin June 7, 2019, order and memorandum opinion) (abating and remanding for order specifying date), *following abatement*, 2020 WL 742384 (Tex. App.—Austin Feb. 14, 2020, no pet.) (reversing judgment and remanding for additional proceedings).

It is ordered that the clerk's record and any relevant reporter's record be forwarded to this Court for filing as a supplemental record no later than February 15, 2021.


Sarah Beth Landau
Justice

Panel consists of Justices Goodman, Landau, and Adams.