

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00484-CV

Melanie Lynn Bass **LINDSEY**, as Independent Executrix of the Estate of Betty Jeannette
Schwettmann,
Appellant

v.

Roger E. **HAYNES**, as Independent Executor of the Estate of Earl Ray Schwettmann,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 15124
Honorable Albert D. Pattillo, III, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: December 28, 2022

REVERSED AND REMANDED

Appellant Melanie Lindsey, as the independent executrix of the estate of Betty Jeanette

Schwettmann, appeals the trial court's order dismissing her suit for want of prosecution and the

trial court's order denying her verified motion to reinstate the case. We reverse the trial court's

order denying the motion to reinstate and remand the cause with instructions to reinstate the case.

### BACKGROUND

On September 20, 2017, Betty Schwettmann filed a trespass to try title, quiet title, and

declaratory judgment suit against Roger E. Haynes in his capacity as independent executor of the

estate of Earl Ray Schwettmann. In July 2018, Betty Schwettmann died and the executrix of her estate, Melanie Lindsey, continued to pursue the litigation on behalf of Betty Schwettmann's estate. *See* TEX. R. CIV. P. 150 ("Where the cause of action is one which survives, no suit shall abate because of the death of any party thereto before the verdict or decision of the court is rendered, but such suit may proceed to judgment as hereinafter provided."); TEX. R. CIV. P. 151 ("If the plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name."). Notwithstanding the suggestion of death filed by Lindsey, the case proceeded with Betty Schwettmann as the named plaintiff.[1]

The parties engaged in litigation until the trial court entered an agreed order setting the jury trial on April 13, 2020. The agreed order setting the trial date was signed on October 2, 2019, before the COVID-19 pandemic began.

On March 17, 2020, the trial court coordinator ("the coordinator") informed the parties in an email that the trial court was cancelling all non-essential hearings "until at least after April 1st [and] perhaps later." The coordinator asked whether the summary judgment hearing set for March 25, 2020 was considered "essential" or "emergent." The parties agreed to cancel the summary judgment hearing and Haynes's counsel suggested the parties also postpone the pretrial hearing and the April 13, 2020 trial setting. Lindsey's counsel replied, "while I would like to see this case resolved sooner rather than later, I do believe it is prudent to put off the pretrial and trial settings in this case." The coordinator stated she would cancel the summary judgment hearing, pretrial hearing, and trial setting upon agreement of counselors and further stated "[w]e can work on re-set dates later." After conferring with Lindsey's counsel, Haynes's counsel emailed the

---

[1] The record before us does not contain the suggestion of death. However, other pleadings in the record reference the suggestion of death and Haynes concedes a suggestion of death was filed in the case.

coordinator that "[a]ll counsel have agreed to pass on the 3/25 MSJ hearing, the 4/6 pretrial setting, and the 4/13 trial setting. We will coordinate with you for reset dates once we have more clarity." On March 31, 2020, the trial court entered an order cancelling the summary judgment hearing, the pretrial hearing, and the trial setting.

The record reflects that the parties renewed settlement negotiations in January 2021 and came to a tentative agreement in May 2021. However, a written settlement agreement was never drafted.

On June 1, 2021, the trial court sua sponte issued a notice of intent to dismiss the case for want of prosecution based on Rule 165a of the Texas Rules of Civil Procedure and the Local Rules of Practice. Lindsey failed to appear at the dismissal hearing and the trial court entered an order dismissing the case for want of prosecution on August 6, 2021. Specifically, the trial court's dismissal order stated notice was sent to the parties and it "appeared to the Court at the dismissal docket call of August 6, 2021, that since good cause was not shown for the case to be maintained on the docket that this cause should be Dismissed for Want of Prosecution."

On September 3, 2021, Lindsey filed a verified motion to reinstate the case averring that counsel's failure to appear at the dismissal hearing "was the result of a calendaring error but was neither intentional nor the result of conscious indifference." Lindsey subsequently filed a verified brief in support of the motion to reinstate ("the reinstatement brief") reasserting in more detail that her failure to appear was due to a calendaring error.[2] The reinstatement brief also stated the parties had renewed negotiations earlier that year, and the case was ready for trial, but that jury trials had been postponed due to the COVID-19 pandemic. Finally, the reinstatement brief stated Lindsey's counsel was waiting on the trial court to inform him that jury trials were resuming. Haynes filed

---

[2] The motion to reinstate and the reinstatement brief were both verified by Lindsey's counsel.

a response to the motion to reinstate and a response to the reinstatement brief opposing reinstatement.

It appears the trial court never set a hearing on Lindsey's motion to reinstate. On October 14, 2021, the trial court denied Lindsey's motion to reinstate the case. Lindsey appeals.

## MOTION TO CORRECT PARTY NAME

As a preliminary matter, we must consider Lindsey's Notice of Correction and Motion to Substitute pending in this appeal. As mentioned above, the case proceeded with Betty Schwettmann as the named plaintiff even though Lindsey, in her capacity as executor of Schwettmann's estate, was supposed to be substituted as the plaintiff in the case upon the suggestion of Betty Schwettmann's death. Betty Schwettmann is the plaintiff listed in the style of the trial court's dismissal order and the notice of appeal states that Betty Schwettmann is appealing the trial court's dismissal order. Lindsey's motion seeks to amend the notice of appeal and substitute "Melanie Lynn Bass Lindsey, Independent Executrix of the Estate of Betty Jeannette Schwettmann" as the named appellant in this appeal. *See* TEX. R. APP. P. 25.1 (g) ("After the appellant's brief is filed, the notice [of appeal] may be amended only on leave of the appellate court and on such terms as the court may prescribe.").

In his response opposing the motion, Haynes contends the appeal should be dismissed because Betty Schwettmann is no longer a party to the case and the correct party, Lindsey, in her capacity as executrix of Schwettmann's estate, did not file a notice of appeal. Haynes urges us to deny the motion, arguing that any amendment to the notice of appeal at this late juncture violates the requirement that any party seeking to alter a judgment must file a timely notice of appeal. *See* TEX. R. APP. P. 25.1(c).

Lindsey argues Haynes was aware that Lindsey has been prosecuting this case on behalf of Schwettmann's estate since the suggestion of death was filed in the trial court, and the motion to correct the appellant's name does not unduly surprise or prejudice Haynes.

In an analogous case, the Texas Supreme Court held the court of appeals erred by denying a motion for leave to file an amended notice of appeal. *See Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 838–39 (Tex. 2008) (holding the insurer made a bona fide attempt to appeal by filing a notice of appeal in the name of its insured and the court of appeals erred by not allowing it to amend its notice of appeal to name itself); *see also Rice v. Lewis Energy Grp., L.P.*, No. 04-19-00234-CV, 2020 WL 6293454, at *3–4 (Tex. App.—San Antonio Oct. 28, 2020, no pet.) (mem. op.) (granting appellant leave to amend the notice of appeal to add the appellants' attorneys as named appellants in the appeal). "Our consistent policy has been to apply rules of procedure liberally to reach the merits of the appeal whenever possible." *Warwick Towers*, 244 S.W.3d at 839. "If the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our [r]ules to perfect the appeal." *Id.* (internal quotation marks and alterations omitted).

Here, it was Lindsey, in her capacity as the executrix of Betty Schwettmann's estate, who filed the document in a bona fide attempt to invoke the appellate court's jurisdiction even though the notice of appeal names "Betty Schwettmann" as the appellant. Consistent with our obligation to construe the appellate rules in a manner that allows us to reach the merits of an appeal whenever reasonably possible, we grant Lindsey's motion to amend the notice of appeal and correct the notice of appeal to reflect "Melanie Lynn Bass Lindsey, Independent Executrix of the Estate of Betty Jeannette Schwettmann" as the appellant in this appeal.

**STANDARD OF REVIEW**

"We review an order denying a motion to reinstate under an abuse of discretion standard." *Cappetta v. Hermes*, 222 S.W.3d 160, 164 (Tex. App.—San Antonio 2006, no pet.). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Id.* "With regard to factual matters, an abuse of discretion occurs if the record establishes that the 'trial court could reasonably have reached only one decision.'" *Dalmex, Ltd. v. Apparel Enters., Inc.*, 455 S.W.3d 241, 243 (Tex. App.—El. Paso 2015, no pet.) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).

**DISMISSAL FOR WANT OF PROSECUTION**

In her first issue, Lindsey argues the trial court erred when it denied her timely-filed, verified motion to reinstate. Lindsey asserts the motion to reinstate conclusively established that her counsel's failure to appear to the dismissal hearing was due to a calendaring mistake rather than conscious indifference.

Haynes argues Lindsey's failure to appear at the dismissal hearing was one of many delays caused by Lindsey and is indicative of her conscious indifference to prosecute the case. Haynes also argues the mandate under rule 165a(3) of the Texas Rules of Civil Procedure—that the court shall reinstate the case upon a finding that the failure was not intentional or the result of conscious indifference—does not apply in this case because the trial court dismissed the case under its inherent power rather than its rule 165a authority. *See* TEX. R CIV. P. 165a(3). However, this court has held that rule 165a(3)'s reinstatement "standard applies to all dismissals for want of prosecution[,]" whether rule-based or inherent power-based. *See Cappetta*, 222 S.W.3d at 165–67.

Moreover, it is clear the trial court dismissed the case under rule 165a(1) for failure to appear. Rule 165a(1) states "[a] case may be dismissed for want of prosecution on failure of any

party seeking affirmative relief to appear for any hearing or trial of which the party had notice." *See* TEX. R. CIV. P. 165a(1). The rule further states: "At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket." *Id.* Here, the trial court's notice of the dismissal hearing is titled "Notice of Hearing on Court's Intention to Dismiss Case for Want of Prosecution—TRC 165a" and states in the notice that "the court shall dismiss this case for want of prosecution unless there is good cause shown for the case to be maintained on the docket." The trial court's dismissal order cites the August 6 dismissal hearing that Lindsey failed to appear at and repeats the "good cause" standard set forth in rule 165a(1), stating "that since good cause was not shown [at the dismissal hearing] for the case to be maintained on the docket that this cause should be Dismissed for Want of Prosecution." Thus, it is Lindsey's failure to appear at the dismissal hearing that must be explained in her motion to reinstate the case. *See Kirkpatrick v. Silva*, No. 04-17-00146-CV, 2018 WL 521628, at *2 (Tex. App.—San Antonio Jan. 24, 2018, no pet.) (mem. op.) ("The 'failure' that must be explained is the one that led to dismissal.").

"Reinstatement after a dismissal for want of prosecution is governed by Rule of Civil Procedure 165a(3), which requires a motion to reinstate to be verified; to set forth the grounds for reinstatement; and, in most circumstances, to be filed within [thirty] days of the order of dismissal." *See E&M Plumbing Ltd. v. W. Hous. Winnelson Co.*, No. 01-17-00601-CV, 2018 WL 3542916, at *2 (Tex. App.—Houston [1st Dist.] July 24, 2018, no pet.) (mem. op.). If a motion to reinstate complying with rule 165a(3) is filed, "the court shall reinstate the case upon finding after a hearing that the failure of the party or [her] attorney to appear was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.'" *Smith v. Babcock & Wilcox Const. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995) (alterations omitted) (quoting TEX. R. CIV. P. 165a(3)). "The operative standard is essentially the

same as that for setting aside a default judgment." *Smith*, 913 S.W.2d at 468. "A failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification." *Id.* "Proof of such justification—accident, mistake, or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Id.* "Also, conscious indifference means more than mere negligence." *Id.*

"A trial court abuses its discretion in denying reinstatement following a dismissal for want of prosecution when an attorney's explanation for failure to appear is reasonable." *Dalmex, Ltd.*, 455 S.W.3d at 244 (citing *Kenley v. Quintana Petroleum Corp.*, 931 S.W.2d 318, 321 (Tex. App.—San Antonio 1996, writ denied)). A calendaring error is a sufficient "accident or mistake" that negates intent or conscious indifference under rule 165a(3). *See E&M Plumbing*, 2018 WL 3542916, at *3 (holding counsel's verified explanation that he inadvertently failed to record the date of the dismissal hearing in his calendar "sufficiently establishes 'accident or mistake' under [r]ule 165a(3)").

Here, Lindsey filed a motion to reinstate that stated: "[Lindsey's] failure to appear for the August 6, 2021 Dismissal Hearing was the result of a calendaring error but was neither intentional nor the result of conscious indifference." The motion was verified by Lindsey's counsel and was timely filed. Lindsey also filed a verified brief in support of her motion to reinstate that states her counsel "does not know when [the notice of the dismissal hearing] was received and has no recollection of seeing it until after the case was dismissed."[3] The brief further states Lindsey's

---

[3] Haynes argues we should not consider Lindsey's brief in support of her motion to reinstate because it was filed more than thirty days after the trial court dismissed the case. However, "[a] proper amended motion to reinstate filed within the period the court has plenary power could be found sufficient for reinstatement of a dismissed case." *Mandujano v. Oliva*, 755 S.W.2d 512, 514 (Tex. App.—San Antonio 1988, writ denied). "If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until [thirty] days after all such timely filed motions are overruled, either by a written and signed order or by

counsel "does not know why the setting was not properly calendared but just knows it did not make it on his calendar." There was not a hearing on the motion to reinstate and Haynes did not provide the court with any other evidence negating Lindsey's excuse for counsel's failure to appear. Accordingly, the trial court could have only reached one result: Lindsey's counsel's failure to appear was due to a calendaring mistake and not intentional or due to conscious indifference. *See Dalmex, Ltd.*, 455 S.W.3d at 243 (holding an abuse of discretion occurs when the record shows "the trial court could reasonably have reached only one decision" and the trial court did not reach that decision). Because Lindsey's counsel provided the trial court with a reasonable excuse for her counsel's failure to appear, the trial court abused its discretion when it denied Lindsey's motion to reinstate.

Even if we were to conclude the trial court dismissed the case under its inherent power or for failure to dispose of the case within the time standards promulgated by the Texas Supreme Court under rule 165a(2) of the Texas Rules of Civil Procedure, the disposition would be unchanged. To avoid dismissal for failure to timely prosecute the case, Lindsey was required to demonstrate to the trial court that she had exercised reasonable diligence in prosecuting her suit. *See Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 729 (Tex. App.—San Antonio 2012, pet. denied). "To decide the diligence issue, trial courts consider the entire history of the case including whether the plaintiff requested a trial setting, the amount of activity in the case, the passage of time, and the plaintiff's excuses for the delay." *Id.*

---

operation of law, whichever occurs first." *See* TEX. R. CIV. P. 165a(3) ("In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, . . . the motion shall be deemed overruled by operation of law."). Here, the trial court dismissed the case on August 6, 2021. Lindsey filed the motion to reinstate on September 3, 2021, and the reinstatement brief on October 7, 2021. The trial court signed the order denying reinstatement on October 14, 2021. Thus, the trial court had plenary power until thirty days after its October 14, 2021 order denying reinstatement. Because the trial court had plenary power when Lindsey filed the reinstatement brief, the trial court could properly consider the reinstatement brief. Moreover, in its order denying reinstatement, the trial court expressly states it considered "Plaintiff's Motion to Reinstate, the brief in support, and the responses filed by Defendant" in reaching its decision.

Although the case was initiated in September 2017, Betty Schwettmann died in July 2018. This required Lindsey to initiate probate proceedings before she could have the authority to step in and prosecute this case. Notwithstanding the inherent delays caused by probate proceedings, Lindsey filed a suggestion of death on February 4, 2019, and the case was ready to be set for trial in October 2019. The trial court set the case for trial in April 2020 and dismissed the case seventeen months later in August 2021.

However, this passage of time is not without excuse. By the time of the trial setting in April 2020, "the COVID-19 pandemic had disrupted every facet of life in this state." *Skelton v. Gray*, No. 04-22-00007-CV, 2022 WL 16625851, at *3 (Tex. App.—San Antonio Nov. 2, 2022, no pet.) (mem. op.). "The Texas Supreme Court had issued emergency orders prohibiting in-person proceedings and jury trials, with certain exceptions, due to safety concerns associated with the pandemic." *Id.*; *see also, e.g.*, *Eighteenth Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 122, 123 (Tex. June 29, 2020). Although the Texas Supreme Court began to lift many restrictions on jury trials in January 2021, Lindsey's counsel averred that he was waiting for an announcement that the court was resuming jury trials.[4] *See Thirty-Third Emergency Order Regarding COVID-19 State of Disaster*, 629 S.W.3d 179, 180–81 (Tex. Jan. 14, 2021). Lindsey's brief in support of her motion to reinstate conclusively establishes that the case was set for trial in April 2020, but the trial was cancelled due to the COVID-19 pandemic. Email exhibits attached to the brief show that the coordinator stated, "we could work on re-set dates later" and Haynes's counsel responded "[w]e will coordinate with you for reset dates once we have more clarity."

---

[4] While it is the plaintiff's burden to obtain a trial setting, we note that, under the facts of this case and the representations made by the coordinator, Lindsey's counsel's explanation—that he was waiting for an announcement from the trial court that it was resuming trials during the pandemic—is reasonable.

Even though Lindsey was waiting for an announcement that the trial court was resuming jury trials during the pandemic, she still made progress on the case. Lindsey's reinstatement brief states, and Haynes does not dispute on appeal, that the parties renewed settlement negotiations from January 2021 to May 2021. Again, there was not a hearing on the motion to reinstate and Haynes did not provide any evidence disputing Lindsey's verified motion to reinstate or her verified brief in support of her motion to reinstate.

Here, Lindsey explained how COVID-19 affected the case and postponed her ability to try the case. Considering the massive disruption to every facet of life caused by the COVID-19 pandemic, acknowledging that Lindsey had obtained a trial setting prior to the pandemic, and recognizing that Lindsey pursued settlement negotiations while the trial setting was postponed, we conclude Lindsey's excuse for failure to obtain a trial setting or otherwise dispose of the case within the time standards promulgated by the Supreme Court was reasonably explained. Because Lindsey's purported failure to timely prosecute the case was not intentional or due to conscious indifference, the trial court abused its discretion when it denied Lindsey's motion to reinstate the case. *See* TEX. R. CIV. P. 165a(3) ("The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.").

## CONCLUSION

We grant Lindsey's motion to amend the notice of appeal and correct the notice of appeal to reflect "Melanie Lynn Bass Lindsey, Independent Executrix of the Estate of Betty Jeannette Schwettmann" as the appellant in this appeal. We reverse the trial court's order denying Lindsey's

motion to reinstate the case and remand the cause to the trial court to reinstate Lindsey's case on the trial court's docket.

Irene Rios, Justice