WARWICK TOWERS COUNCIL OF CO–OWNERS, by and through ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant,

v.

PARK WARWICK, L.P., Park Warwick Investments, L.L.C., and Park Hotel Investments, L.L.C., Appellees.

No. 14–05–00254–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 11, 2007.

Rehearing En Banc Overruled March 8, 2007.

Shahin A. Khoshbin, Dallas, for appellant.

Ruth Ellen Piller, Houston, for appellees.

Panel consists of Justices HUDSON, EDELMAN, and SEYMORE.

## MAJORITY OPINION

RICHARD H. EDELMAN, Justice.

Warwick Towers Council of Co–Owners (the "Council") by and through St. Paul Fire & Marine Insurance Company ("St. Paul") appeals a summary judgment granted in favor of Park Warwick L.P., Park Warwick Investments, L.L.C., and Park Hotel Investments, L.L.C. ("appellees") on numerous grounds. We affirm.

■ As relevant to this appeal, the Council and St. Paul sued appellees for property damage the Council suffered when flood waters from Tropical Storm Allison allegedly flowed into the loading dock of the Warwick Hotel, owned by appellees, and then traveled through an underground tunnel to the Warwick Towers condominium property. The Council asserted causes of action for negligence, trespass, and nuisance; and St. Paul, the Council's insurance carrier, asserted a claim for subrogation[1] to recover the amount it had paid on the Council's policy claims.

After appellees obtained a partial summary judgment against the Council's claims for trespass and nuisance (but not negligence), and against all of St. Paul's claims (based on a waiver of subrogation), the Council moved to dismiss all of its claims against appellees with prejudice, and the resulting order of dismissal caused the previous partial summary judgment against St. Paul's claims to become final.

A notice of appeal was thereafter filed solely in the name of the Council that did not in any way refer to St. Paul or otherwise purport to be filed by, on behalf of, or with St. Paul; and no other notice of appeal or amended notice of appeal was filed by or on behalf of the Council or St. Paul.[2] However, beginning with their subsequent agreed motion to abate the appeal (pending supplementation of the clerk's record), appellant has been denominated as, "Warwick Towers Council of Co–Owners by and through St. Paul Fire & Marine Insurance Company."

■ An appellate court may not grant a party who fails to file a notice of appeal more favorable relief than did the trial court except for just cause. TEX.R.APP. P. 25.1(c). Although the circumstances constituting "just cause" are not addressed in rule 25.1 and have not been developed in the case law, Texas appeals courts have uniformly declined to afford relief to parties who have not filed a notice of appeal and make no showing of just cause.[3] Simi-

---

1. An insurer that pays its policy holder on a claim is subrogated to the right of the policy holder to recover damages from a third party who caused the loss to the extent that the amount recovered from the third party exceeds the remaining portion of the policy holder's insured loss above the amount paid by the insurer. *See Ortiz v. Great S. Fire and Cas. Ins. Co.*, 597 S.W.2d 342, 344 (Tex.1980).

2. The attorneys who filed the notice of appeal do not appear in our record as counsel for either the Council or St. Paul before the notice of appeal was filed. Their designation of

clerk's record was also requested solely in the name of the Council as appellant.

3. *See, e.g., Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 171 (Tex.2004); *Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex.2002); *Boulle v. Boulle*, 160 S.W.3d 167, 176–77 (Tex.App.-Dallas 2005, pet. denied); *see also Jakab v. Gran Villa Townhouses Homeowners Ass'n, Inc.*, 149 S.W.3d 863, 869–70 (Tex.App.-Dallas 2004, no pet.) (holding that Association's explanation that it filed no appeal because it believed its issue had been waived was not sufficient to show just cause).

larly, an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others. *Torrington Co. v. Stutzman,* 46 S.W.3d 829, 843 (Tex.2000).

■ To whatever extent this case might have been brought solely in the name of the Council, either by it or by St. Paul in the name of the Council,[4] it was not brought in that way. Instead, the Council and St. Paul each expressly sued in its own name as a co-plaintiff. St. Paul sought recovery of only the portion of the alleged damages that were subject to its right of subrogation. Judgment was entered against the Council's claims based on its motion to dismiss, whereas judgment was entered against St. Paul's claims based on appellees' partial summary judgment. The record does not reflect that the judgment entered against the Council's claims affected those asserted by St. Paul[5] or vice versa. Nor is there any indication or contention that St. Paul subsequently obtained any further interest in the claims asserted by the Council.[6]

■ Because the Council and St. Paul were independent parties in the trial court,

and because the trial court's judgment, entered against each of them on independent grounds, did not affect the rights of the other, it logically follows that neither was adversely affected by the judgment against the other, and, thus, neither had standing to appeal the judgment entered against the other. Under these circumstances, the notice of appeal filed solely and unambiguously in the name of the Council and without any reference to St. Paul, can relate only to the portion of the judgment that disposed of claims asserted by the Council, and not to its disposition of claims asserted by other parties, such as St. Paul. A contrary interpretation would suggest that a notice of appeal filed in the name of any single party would apply to any or all other co-parties and thereby render rule 25.1(c) meaningless.[7] Moreover, although a defect in a notice of appeal may be corrected by amendment,[8] the notice of appeal filed for the Council is not defective, and no amendment was filed in any event.[9]

Because our record does not reflect that a notice of appeal was filed for St. Paul,

---

4. *See, e.g., Fort Worth & Denver Ry. Co. v. Ferguson,* 261 S.W.2d 874, 880 (Tex.Civ.App.-Fort Worth 1953, writ dism'd).

5. The dismissal of the Council's claims did not prejudice St. Paul's subrogation claims. *See Wichita City Lines, Inc. v. Puckett,* 156 Tex. 456, 295 S.W.2d 894, 895, 899–900 (1956).

6. In any event, St. Paul's brief sought relief only regarding the disposition of the subrogation claims it asserted in its own name, and did not seek any relief from the judgment entered on the claims asserted and dismissed by the Council.

7. This issue is further compounded in that St. Paul sued in its own name in the trial court whereas it has sought to appeal in the name of the Council, a posture in which it: (1) did not appear in the trial court; (2) presumably could not have so appeared there in that the

Council was itself a party; and (3) suffered no adverse result.

8. *See* TEX.R.APP. P. 25.1(f).

9. Similarly, although an appellate court may order substitution of a party on any party's motion at any time, no such motion was ever filed in this case. Nor have we found authority suggesting that a party to a trial court action for whom a notice of appeal was not filed may be substituted in place of another party to the trial court action for whom such a notice was filed unless the former has succeeded to rights asserted in the case by the latter (apart from those asserted by the former), such as by assignment, or is otherwise affected by the judgment against the latter, such as by an indemnity obligation. *See* TEX. R.APP. P. 7.1(c).

and the record does not contain a showing of good cause to grant St. Paul more favorable relief than did the trial court, we have no authority to do so. Accordingly, we do not reach the issues presented by St. Paul, and the judgment against it is affirmed.

SEYMORE, J., concurring.

CHARLES W. SEYMORE, Justice, concurring.

Our Supreme Court does not foster appellate disposition based on procedural defects when parties have not been afforded opportunity to amend under Rule 44.3, Tex.R.App. P. The majority has disposed of this case by identifying a procedural defect which was not raised or briefed by the parties. I respectfully submit that an opinion without citations to authority supporting the essential reason for disposition is of no moment.

As an insuror and subrogee, St. Paul is asserting uncontested contractual or equitable subrogation rights. St. Paul is entitled to disposition of the issues presented in its appellate brief. Accordingly, I concur in the result only because I would affirm if this case were considered on the merits.