**WARWICK TOWERS COUNCIL OF CO–OWNERS, by and through ST. PAUL FIRE & MARINE INSURANCE COMPANY, Petitioners,**

v.

**PARK WARWICK, L.P., Park Warwick Investments, L.L.C., and Park Hotel Investments, L.L.C., Respondents.**

No. 07–0384.

Supreme Court of Texas.

Jan. 25, 2008.

Shahin A. Khoshbin, Robin George Bechtold, Clouse Dunn Khoshbin LLP, Craig S. Douglass, The Law Offices of James K. LaRoe, Dallas TX, for Petitioner.

Ruth Ellen Piller, Hays McConn Rice & Pickering, P.C., Houston TX, for Respondent.

PER CURIAM.

In this case we decide whether an insurer, asserting rights to subrogation, waived its right to appeal by filing the notice of appeal in its insured's name. The court of appeals concluded that the insurer could perfect the appeal only in its own name because the underlying judgment denying it subrogation was on grounds that were independent of the insured's claims. 218 S.W.3d 149, 151. We conclude, however, that the notice of appeal in the insured's name was a bona fide attempt to invoke the appellate court's jurisdiction, and, accordingly, we reverse the court of appeals' judgment and remand the case for consideration of the merits.

The Warwick Hotel is located across the street from the Warwick Towers, a condominium project. The hotel has a flood barrier system at its loading dock entrance to prevent rainwater from entering the building's basement. The condominium owners assert that the hotel failed to use this system during a severe rain storm in 2001, and, as a result, rainwater invaded the condominium's basement through an underground tunnel. The condominium owners sued the hotel, asserting claims of negligence, nuisance, and trespass. The condominium's insurer, St. Paul Fire &

Marine Insurance Company, asserted its subrogation rights in the lawsuit, having paid approximately $1 million as the result of water damage.

The hotel filed a motion for partial summary judgment, seeking dismissal of the condominium owner's nuisance and trespass claims. The hotel also sought dismissal of St. Paul's subrogation claim, asserting that a subrogation waiver in an easement agreement barred St. Paul's claim in the case. The trial court agreed with the hotel in all respects, dismissing the nuisance, trespass, and subrogation claims. The condominium owners thereafter settled with the hotel and dismissed their remaining negligence claim with prejudice.

St. Paul thereafter filed a notice of appeal in its insured's name. The notice did not mention St. Paul by name, but a docketing statement, filed on the same day, identified the Appellant as "Warwick Towers Council of Co–Owners by and through St. Paul Fire & Marine Insurance Company." All other appellate documents were also styled in this manner. The case was briefed and argued to the court on September 29, 2005.

The court subsequently issued its opinion, concluding the merits of the appeal were immaterial because St. Paul had failed to name itself as the appellant in its notice of appeal. 218 S.W.3d at 151–52. One justice wrote separately that St. Paul was entitled to have its issues addressed on the merits. Id. at 152. (Seymore, J., concurring). St. Paul then filed a motion for rehearing and motion to amend its notice of appeal, but the court denied both motions. St. Paul thereupon filed for review in this Court.

When perfecting the appeal, we have repeatedly said "that the factor which determines whether jurisdiction has been conferred on the appellate court is not the form or substance of the bond, certificate or affidavit, but whether the instrument 'was filed in a bona fide attempt to invoke appellate court jurisdiction.'" *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex.1989) *(quoting United Ass'n of Journeymen & Apprentices v. Borden*, 160 Tex. 203, 328 S.W.2d 739, 741 (Tex.1959)); *see also Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex.1994) (per curiam) (court of appeals has jurisdiction over appeal if party files instrument in bona fide attempt to invoke appellate court's jurisdiction); *Grand Prairie Indep. Sch. Dist. v. S. Parts Imp., Inc.*, 813 S.W.2d 499, 500 (Tex.1991) (per curiam) (same); *Woods Exploration & Producing Co. v. Arkla Equip. Co.*, 528 S.W.2d 568, 570 (Tex.1975) (same). We have further said that, "[i]f the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our Rules to perfect the appeal." *Grand Prairie Indep. Sch. Dist.*, 813 S.W.2d at 500. Our consistent policy has been to apply rules of procedure liberally to reach the merits of the appeal whenever possible. *See, e.g., Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex.1997); *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993) (per curiam); *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121–22 (Tex.1991) (per curiam). The court of appeals here has failed to follow that policy.

St. Paul made a bona fide attempt to appeal by filing the notice of appeal in the name of its insured, and by listing its interest in the docketing statement and other appellate pleadings. *See Foster v. Williams*, 74 S.W.3d 200, 203 (Tex.App.-Texarkana, 2002, pet.denied) (holding that filing a docketing statement constituted a bona fide attempt to perfect an appeal).

The court of appeals accordingly erred in not allowing St. Paul to amend and in not reaching the merits of St. Paul's appeal. The court of appeals' judgment is reversed, and, without hearing oral argument, we remand the case to the court of appeals for further consideration. TEX. R.APP. P. 59.1.