Affirmed and Majority and Concurring Opinions filed
September 29, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00093-CV

____________

 

VICTOR RODARTE, Appellant

 

V.

 

INVESTECO GROUP, L.L.C.; MORAD
MEKHAIL, INDIVIDUALLY AND AS TRUSTEE OF CERTAIN REAL PROPERTY DESCRIBED AS THE
SOUTH ONE-HALF (2) OF LOT TWO (2) AND ALL OF LOTS THREE (3), FOUR (4), FIVE
(5), AND SIX (6), IN BLOCK TWENTY-FOUR (24), IN MRS. A.C. ALLEN=S ADDITION TO THE CITY OF HOUSTON,
HARRIS COUNTY, TEXAS NSBB, AND VINCENT RODRIGUEZ, Appellees

 



 

On Appeal from the 157th
District Court

Harris County, Texas

Trial Court Cause No. 2006-69640A

 



 

C O N C U R R I N G   O P I N I O N

I agree with the majority=s conclusion that Victor Rodarte has
perfected appeal in his representative capacity; however, I respectfully disagree
with the analysis the majority uses to reach this conclusion.  








In determining the capacity in which a
party has asserted a claim in the trial court, the focus must be on the party=s pleadings. 
Likewise, in determining the capacity in which a party has appealed from an
adverse judgment, the focus must be on the party=s notice of
appeal.  In both instances, this court must construe the operative language
liberally. Under a liberal construction of the relevant trial court pleading,
Victor Rodarte sued not just in his representative capacity, as the majority
concludes, but also in his individual capacity. 

In his live trial-court petition, Victor,
as plaintiff, did not state that he was suing in his individual capacity or as
representative of his brother Gregorio, or both.  Both Rodarte brothers (Victor
and Gregorio) as well as Domingo Gonzales were named as plaintiffs; however,
Victor=s capacity was not
specified.  Rather, Victor was referred to as APlaintiff Victor
Rodarte@ with no further
explanation.  Though the terms APlaintiff@ and APlaintiffs@ are used
throughout the petition, these terms are not defined.  Victor alleged in his
trial court pleading (1) that he Ais the lawful
agent of real-party-in-interest, Gregorio Rodarte, with respect to all suits
arising from the real property in question,@ (2) that Gregorio
Aexecuted special
and general power of attorney agreements appointing Victor, as Gregorio=s agent with
respect to the Property,@ and (3) that Athese power of
attorney agreements vest Plaintiff [no specification] with full authority over
Gregorio=s interest in the
Property, including authority to prosecute any and all legal actions relating
to the Property.@  Victor, however, did not state that he
was bringing suit in his capacity as agent for Gregorio.  No party filed a
motion requesting the trial court to compel Victor to show that he had capacity
to assert claims in the litigation, nor did any party take any other action to
place in issue Victor=s capacity to assert such claims.








Well-timed special exceptions to Victor=s trial-court
pleading would have clarified the capacity issue.  However, because no special
exceptions were filed or sustained against the petition, this court must
construe the petition liberally to contain any claims that reasonably may be
inferred from the language used in the petition.  SmithKline Beecham Corp.
v. Doe, 903 S.W.2d 347, 354B55 (Tex. 1995).  Though the majority
believes it is clear that Victor sued only on Gregorio=s behalf as
Gregorio=s
attorney-in-fact, under a liberal construction of the petition, Victor sued
both in his individual capacity and in a representative capacity.        Appellees, relying on Elizondo v.
Texas Natural Resources Conservation Commission, contend that Victor
perfected appeal in his individual capacity only. See 974 S.W.2d 928
(Tex. App.CAustin 1998, no pet.).  They assert Victor lacks standing in this court
because, in his individual capacity, he has no interest in the subject
property.  See id.  However, in Elizondo, the plaintiff expressly
stated in her trial-court petition that she was suing in both her individual
capacity and in a representative capacity.  See id.  In contrast to the
plaintiff in Elizondo, Victor did not expressly address in his
trial-court pleading the capacity in which he brought suit.  Therefore, the Elizondo
case is not on point.  See id.  








When Victor
appealed the adverse judgment by filing a notice of appeal in this court, he
continued to use the same vague terminology he used in his trial court
pleading.  In his notice of appeal, Victor does not specify the capacity in
which he is appealing.  Instead, Victor states only that the appellant is APlaintiff Victor
Rodarte@ C the same vague
term used in the trial court petition to refer to Victor suing in both an
individual capacity and as representative of Gregorio.  The record reflects
that Victor is relying heavily on his representative capacity, and there is no
apparent basis upon which Victor could sue in his individual capacity.  In this
context, the notice of appeal should be deemed sufficient to perfect an appeal
by Victor in his representative capacity.  See Warwick Towers Council of
Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.,
244 S.W.3d 838, 839 (Tex. 2008) (holding that court of appeals should have
reached the merits of insurance company=s appellate
arguments and that insurance company had made a bona fide attempt to invoke the
court of appeals= jurisdiction, even though notice of
appeal did not mention the insurance company and referred only to the
insurer/subrogor as the appellant).  Victor=s notice of appeal
is not so deficient that it fails to invoke this court=s jurisdiction
over the disputed claims.  Appellees argue that Victor lacks standing because
he appealed only in his individual capacity; however, for the reasons stated
above, this argument lacks merit.

 

 

 

/s/      Kem Thompson Frost

Justice

 

Panel consists of Justices Frost, Brown, and Boyce. (Brown, J.,
majority).