# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00691-CV

**Valerie Thomas Bahar, M.D., and Valerie Thomas Bahar, M.D., P.A., Appellants**

**v.**

**Riecke Baumann, Receiver, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-06-003390, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Valerie Thomas Bahar, M.D., Valerie Thomas Bahar, M.D., P.A. (collectively, "Bahar"), and their attorneys, Joseph R. Willie, II and Shalanda Moore, attempt to appeal an order imposing sanctions on Willie and Moore. Because Bahar does not have standing to complain about a sanctions order directed solely at her attorneys, and because Willie and Moore did not timely file a notice of appeal themselves, we dismiss the appeal for want of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

This suit was originally filed by Lyon Financial Services, Inc., a Minnesota Corporation d/b/a U.S. Bancorp Manifest Funding Services, which obtained a default judgment in Minnesota against Bahar that it later domesticated in Travis County. To aid in enforcing the judgment, the trial court signed a turnover order appointing Riecke Baumann as master in chancery and receiver of Bahar's non-exempt assets. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (West

2008) (statute authorizing turnover order and appointment of receiver); Tex. R. Civ. P. 171 (rule authorizing appointment of master in chancery). After several discovery disputes, Baumann sought sanctions against Willie and Moore. On October 14, 2009, the trial court signed an order imposing sanctions on Willie and Moore under Texas Rule of Civil Procedure 13 and Texas Civil Practice and Remedies Code Chapter 10.[1] *See* Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001-.006 (West 2002). The order specified that neither Bahar individually nor her professional association was being sanctioned; only Willie and Moore were. The order also specified that it was "intended to be a final, appealable order."

On November 30, 2009, a notice of appeal was filed that stated in its entirety:

> Valerie Thomas Bahar, M.D. and Valerie Thomas Bahar, M.D., P.A., Defendants in the above-entitled and numbered cause, hereby give notice of a desire to appeal to the Court of Appeals for the Third Supreme Judicial District Court of Texas from the order granting the Receiver's Motion for Rule 13 and Chapter 10 Sanctions in this cause rendered on the 14th Day of October 2009.

More than seven months later, on July 12, 2010, an "Amended Notice of Appeal" was filed that stated in its entirety:

> Valerie Thomas Bahar, M.D. and Valerie Thomas Bahar, M.D., P.A., Defendants *and Shalanda D. Moore, J.D. and Joseph R. Willie, II, D.D.S., J.D., Counsel of Record,* in the above-entitled and numbered cause, hereby give notice of a desire to appeal to the Court of Appeals for the Third Supreme Judicial District Court of Texas from the

---

[1] The order also cited the laws governing "direct and constructive contempt" and "the general power of the Court."

> order granting the Receiver's Motion for Rule 13 and Chapter 10 Sanctions in this cause rendered on the 14th Day of October 2009.

(Emphasis added.)

## DISCUSSION

Any party wishing to appeal a trial court's order must file a notice of appeal. Tex. R. App. P. 25.1(c). If a party's notice of appeal is not timely filed, we cannot exercise jurisdiction over the party's attempted appeal. *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 386 (Tex. App.—Austin 2010, pet. denied) (citing *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737 (Tex. 2001)).

Here, the trial court signed the sanctions order against Bahar's attorneys, Willie and Moore, on October 14, 2009. Thus, the deadline for Willie and Moore to file a notice of appeal was November 13, 2009. *See* Tex. R. App. P. 26.1 (default deadline to file notice of appeal is thirty days after judgment or order is signed). A notice of appeal was filed on November 30, 2009, along with a request for an extension of the filing deadline, *see id*. R. 26.3 (regarding extensions for filing notice of appeal), but the notice named only Bahar as the party filing the notice. Willie and Moore were not named as appellants in a notice of appeal until the "Amended Notice of Appeal" was filed on July 12, 2010, roughly eight months after Willie and Moore's notice of appeal was due.

When an attorney and his client are both sanctioned, and both wish to appeal the sanctions order, this Court and other courts of appeals have held that it is essential that both the client and the attorney be named as appellants in the notice of appeal. *See Sluder v. Ogden*, No. 03-10-00280-CV, 2011 WL 116058, at *2 (Tex. App.—Austin Jan. 13, 2011, pet. denied) (mem.

3

op.) (court lacked jurisdiction over attorney's attempted appeal from sanctions order because notice of appeal named client as only appellant); *Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 WL 816191, at *1-2 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.) (same); *Matbon, Inc. v. Gries*, 287 S.W.3d 739, 740 (Tex. App.—Eastland 2009, no pet.) (same); *Benavides v. Knapp Chevrolet, Inc.*, No. 01-08-00212-CV, 2009 WL 349813, at *3 (Tex. App.—Houston [1st Dist.] Feb. 12, 2009, no pet.) (mem. op.) (same).[2] This is because a client lacks standing to appeal sanctions imposed on her attorney. *Bahar*, 330 S.W.3d at 388-89; *Sluder*, 2011 WL 116058, at *2; *Niera*, 2010 WL 816191, at *1; *Matbon*, 287 S.W.3d at 740. This rule should apply with even greater force in cases like this one where only the attorneys are sanctioned.

In this case, the November 30, 2009 notice of appeal named Bahar as the only appellant and stated that she sought review of only one thing—the order imposing sanctions against Willie and Moore. But because "Bahar lacks standing to complain about the imposition of sanctions against Willie [and Moore]," *Bahar*, 330 S.W.3d at 388, the November 30, 2009 notice of appeal could not vest this Court with jurisdiction. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444-45 (Tex. 1993) ("[A] lack of standing deprives a court of subject matter jurisdiction because standing is an element of such jurisdiction."). It follows that Willie and Moore cannot rely on the November 30, 2009 notice of appeal to establish that they timely perfected their

---

[2] We note that the supreme court has previously declined to rule on the specific issue presented in this case. *See Braden v. Downey*, 811 S.W.2d 922, 928 n.6 (Tex. 1991) ("We express no opinion on the question whether, in order to seek review of sanctions by appeal, an attorney must perfect a separate appeal apart from that perfected by his client.").

4

appeal. *Cf. Southern County Mut. Ins. Co. v. Powell*, 736 S.W.2d 745, 748 (Tex. App.—Houston [14th Dist.] 1987, orig. proceeding) (motion has no legal effect if filed by entity that lacks standing).

Willie and Moore acknowledge that they had to be named as appellants in a timely filed notice of appeal, but they claim that this requirement was met because the "Amended Notice of Appeal" filed July 12, 2010 related back to the filing date of Bahar's notice of appeal. They argue that the failure of the original notice of appeal to name them as appellants was a simple omission correctable by amendment. *See id*. R. 25.1(f) (detailing circumstances in which appellant may file amended notice of appeal to correct omission in earlier-filed notice).

To support this argument, Willie and Moore cite *Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 244 S.W.3d 838, 839-40 (Tex. 2008) (per curiam). In *Warwick Towers*, an insurer subrogee filed a notice of appeal that named its insured as the only appellant. *Id*. at 838. The issue in that case was therefore "whether an insurer, asserting rights to subrogation, waived its right to appeal by filing the notice of appeal in its insured's name." *Id*. The supreme court held that the insurer did not waive its right to appeal in such circumstances because "the notice of appeal in the insured's name was a bona fide attempt to invoke the appellate court's jurisdiction." *Id*. *Warwick Towers* is distinguishable for two reasons. First, although the insurer in that case (St. Paul Fire & Marine Insurance Company) filed the notice of appeal in its insured's name (Warwick Towers Council of Co-Owners), "a docketing statement, filed on the same day, identified the Appellant as 'Warwick Towers Council of Co-Owners *by and through St. Paul Fire & Marine Insurance Company*,'" and "[a]ll other appellate documents were also styled in this manner." *Id*.

5

at 839 (emphasis added). Thus, unlike the present case, despite omitting its name from the notice of appeal, St. Paul displayed an intention from day one to be a party to the appeal.

Second, because St. Paul was the subrogee of the Warwick Towers Council of Co-Owners, *id*. at 838, its interests were not merely "aligned" with the Council's, but rather the interests of the two entities were legally united and joined. *See Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 774 (Tex. 2007) (subrogee stands in shoes of subrogor). Here, in contrast, Willie and Moore's interests are not united with Bahar's; in fact, because the trial court did not sanction Bahar, she has no interest in this appeal whatsoever. *See Bahar*, 330 S.W.3d at 388 ("An appellant is not harmed when sanctions are imposed solely against the appellant's attorney."). The record clearly indicates that throughout the proceedings below, Baumann never sought sanctions against Bahar, and the court never considered imposing sanctions against Bahar. In such circumstances, we cannot construe a notice of appeal filed solely in Bahar's name to be a "bona fide" attempt to appeal on Willie and Moore's behalf.

Willie and Moore also cite *Harrell v. Citizens Bank & Trust Co.*, 296 S.W.3d 321, 328 (Tex. App.—Texarkana 2009, pet. dism'd), in which the court allowed the appellant to amend his notice of appeal because his original notice of appeal "did not correctly identify the style of the case." *Id*. *Harrell* is distinguishable because it concerned Texas Rule of Appellate Procedure 25.1(d)(1), *see id*., which states: "The notice of appeal must . . . identify the trial court and state the case's trial court number and style." Tex. R. App. P. 25.1(d)(1). The present case, in contrast, concerns Texas Rule of Appellate Procedure 25.1(d)(5), which states that the notice of appeal must "state the name of each party filing the notice." Tex. R. App. P. 25.1(d)(5). Thus, the cases that

6

Willie and Moore cite do not help them. Willie and Moore do not argue that we might treat the "Amended Notice of Appeal" filed July 12, 2010 as their initial notice of appeal, but in any event it was filed too late to serve that purpose.[3] *See* Tex. R. App. P. 26.1.

In sum, neither the original nor the amended notice of appeal filed in this case qualifies as a timely notice of appeal for Willie and Moore. We therefore lack jurisdiction over this appeal. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite). We dismiss the appeal for want of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Dismissed for Want of Jurisdiction

Filed: September 23, 2011

_____

[3] Willie and Moore do claim that the filing deadline for an initial notice of appeal was tolled because they learned of the sanctions order more than twenty days after it was signed, *see* Tex. R. Civ. P. 306a(4), but they also admit that they learned of the order on November 13, 2009. Thus, at most, their deadline for filing an initial notice of appeal could have been tolled by roughly a month. *See id.*; *but see In re Bokeloh*, 21 S.W.3d 784, 792 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding) (to invoke tolling provision of Tex. R. Civ. P. 306a(4), party must meet several requirements including obtaining hearing and order). Adding a month to other possibly applicable filing extensions, *see, e.g.*, Tex. R. App. P. 26.1(a) (filing of motion for new trial extends deadline to file notice of appeal by ninety days), the "Amended Notice of Appeal" was still filed several months too late to function as a timely initial notice of appeal.