# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00608-CV

**Sharon L. Epstein; Paul J. Gebauer; Jessie B. Gebauer; Ira L. Epstein;
and All Occupants of 2335 Wright Circle, Round Rock, Texas 78664, Appellants**

**v.**

**Bank of America, N.A., Appellee**

### FROM THE COUNTY COURT OF LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 12-1847-CC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

The occupants of 2335 Wright Circle in Round Rock are seeking to appeal a trial court judgment in favor of Bank of America, N.A., in a forcible entry and detainer case. The trial court signed its judgment on February 20, 2013. In the aftermath of the judgment, as Bank of America's counsel acknowledges, "the issue of the appellate bond arose."[1] After hearing argument, the trial court signed a February 27, 2013 "Order Setting Supersedeas Bond" setting the amount of security required to supersede the judgment at $6,000, to be satisfied by six $1,000 deposits into the court's registry, the first of which was due in February and the remaining five due on the first of each

---

[1] Our record includes affidavits from Bank of America's counsel and from one of the appellants. *See* Tex. Gov't Code § 22.220(c) ("Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction.").

month starting in March and continuing through July 2013.[2] Thereafter, appellants made monthly deposits into the court's registry that ultimately totaled $6,000, beginning with a $2,000 deposit on March 1 and concluding with a final $1,000 deposit on July 1.[3]

Despite depositing the full amount of the security required by the trial court, appellants did not file a notice of appeal during the intervening months following judgment, nor did they take any other further action to perfect or prosecute their appeal. Eventually, Bank of America obtained a writ of possession on September 3, 2013. This prompted appellants to file, on September 6, 2013, a notice of appeal,[4] together with written notice and proof of their previous deposits of security. Later that same month, they added a motion to extend time for filing the notice of appeal, and subsequently amended both their notice and extension motion. Bank of America then moved to dismiss the appeal for want of subject-matter jurisdiction, insisting that appellants failed to timely perfect their appeal or seek an extension.

There is no dispute that appellants failed to file either a notice of appeal or motion for extension until several months after the expiration of both the applicable appellate deadline

---

[2] *See* Tex. R. App. P. 24.1(a)(3), (c).

[3] The $2,000 deposit on March 1 was evidently intended to cover the installments due in both February and March. The trial court's order had specified that the initial installment was due on February 22—five days earlier than the date on which the trial court signed the order, and about a week before appellants paid it—but Bank of America does not assert that any lateness of the initial installment is material to our analysis. The remaining deposits, each for $1,000, were made on April 1, May 1, May 31, and July 1.

[4] Appellants filed their initial notice of appeal with this Court rather than the trial court, and did not file a notice with the trial court until September 27. Although the Texas Rules of Appellate Procedure require the notice of appeal to be filed with the trial court, a notice "mistakenly filed with the appellate court . . . is deemed to have been filed the same day with the trial court clerk . . . ." *Id*. R. 25.1(a).

(here, 30 days after the judgment was signed[5]) and the fifteen-day extension period.[6]  However, as appellants emphasize, they did deposit the full amount of the security ordered by the trial court.[7]

The Texas Supreme Court has consistently held that if an appellant timely makes a bona fide attempt to invoke appellate court jurisdiction, "the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our Rules to perfect the appeal." *Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (per curiam) (quoting *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imp., Inc.*, 813 S.W.2d 499, 500 (Tex. 1991) (per curiam)).  Under the prior version of appellate rules, which made the supersedeas bond rather than a notice of appeal the perfecting instrument—i.e., the opposite of the current rules—the supreme court held that filing of notice rather than bond sufficed as a bona fide attempt to appeal. *See Grand Prairie Indep. Sch. Dist.*, 813 S.W.2d at 500.  And more generally, the high court has repeatedly emphasized the "consistent policy . . . to apply rules of procedure liberally to reach the merits of the appeal whenever possible." *Warwick Towers*, 244 S.W.3d at 839.

Applying these principles and the current appellate rules, the Fort Worth Court of Appeals concluded that appellants made a bona fide attempt to perfect their appeal by

---

[5]  *See id.* R. 26.1.  There were no post-judgment motions that could have extended the appellate deadlines.  *See id*.

[6]  *See id*. R. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (motion for extension of time to perfect an appeal is implied when an appellant files a notice of appeal outside the thirty days provided by rule 26.1 but within fifteen days of deadline to file motion for extension).

[7]  Appellants also represent in their motion that they mistakenly believed their deposits sufficient to perfect their appeal.  They further attribute their confusion or inaction to health problems experienced by one of the four named appellants.  However, appellants have presented no direct evidence of these facts beyond an affidavit attesting to the existence of the health problems.

depositing security to supersede the judgment within the appellate deadlines. *See Gregorian v. Ewell*, 106 S.W.3d 257, 258–60 (Tex. App.—Fort Worth 2003, no pet.). The court reasoned in part that the purpose of filing a bond or cash deposit "is to protect assets during an appeal." *Id.* at 259 (citing Tex. R. App. P. 24). And we recently applied similar reasoning in concluding—in an appeal from an eviction case from the same trial court as here—that appellants who had improperly attempted to file their notice of appeal by facsimile but had deposited security had made a bona fide attempt to invoke appellate court jurisdiction. *See Gantan v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL 3009250, at *1–2 (Tex. App.—Austin June 7, 2013, order) (per curiam). We further observe that a de novo appeal from justice court to county court in an eviction case is perfected by the filing of a bond rather than a notice of appeal. *See* Tex. R. Civ. P. 571, 573. Although appellants did not present any direct evidence on this point, their conduct is consistent with a mistaken understanding that appeals of eviction cases from county court to this Court are perfected in the same way.

Informed by these precedents and their reasoning, we will similarly conclude on this record that appellants' deposit of the amount of security ordered by the trial court to supersede the judgment—an action whose purpose and effect is to prevent enforcement of the trial court's judgment *during an appeal*[8]—represents the sort of "bona fide attempt" to invoke appellate jurisdiction that confers such jurisdiction and requires us to afford appellants a reasonable opportunity to file their notice of appeal to cure the formal defect. *See Gregorian*, 106 S.W.3d

---

[8] *See generally* Tex. R. App. P. 24; *cf. In re K.A.F.*, 160 S.W.3d 923, 927–28 (Tex. 2005) (holding motion for new trial "does not qualify" as a bona fide attempt to invoke appellate jurisdiction because "there are myriad reasons why a party might file a motion for new trial").

at 258–60; *Gantan*, 2013 WL 3009250, at \*1.  Accordingly, we deny Bank of America's motion to dismiss and, as a formal matter, grant appellants' motion to extend time for filing their notice of appeal until September 6, 2013, the date on which they ultimately filed it.

In urging that we should instead dismiss the appeal, Bank of America emphasizes that the Property Code requires that appellate security be set in an amount sufficient to protect its interests pending the appeal,"taking into consideration the value of rents likely to accrue during the appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate." *See* Tex. Prop. Code § 24.007; *see also* Tex. R. App. P. 24.2(a)(2) (where judgment is for recovery of interest in real property, amount of security must be at least "the value of the property interest's rent or revenue").  It further presents testimony that, in fact, the $6,000 bond amount, paid in installments of $1,000 per month, "was calculated as a rough approximation of rental income that could be derived from the Property during the course of an appeal."  Although these considerations do not control our jurisdictional analysis, they are relevant to the adequacy of the security ordered by the trial court in light of the circumstances that have since evolved on appeal.  The trial court retains continuing jurisdiction to revisit the sufficiency of the security it previously ordered in light of these changed circumstances.  *See* Tex. R. App. P. 24.3; *but see id*. R. 24.2(b).

It is ordered on November 8, 2013.

Before Chief Justice Jones, Justices Pemberton and Field