ACCEPTED
01-15-00155-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/28/2015 10:35:32 AM
CHRISTOPHER PRINE
CLERK

CASE NO. 01-15-00155-CV

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/28/2015 10:35:32 AM
CHRISTOPHER A. PRINE
Clerk

CHARLES WADE, *APPELLANT*

VS.

HARRIS COUNTY, ET AL., *APPELLEES*

On Appeal from the 295TH Judicial District Court of
Harris County, Texas, Trial Court No. 2011-69056

## APPELLEES' REPLY TO APPELLANT'S RESPONSE

LINEBARGER GOGGAN BLAIR
& SAMPSON, LLP
4828 Loop Central Drive, Suite 600
Houston, Texas 78701
(713) 844-3405 direct phone
(713) 844-3400 main phone
(713) 844-3504 fax
Edward J. (Nick) Nicholas
State Bar No. 14991350
Nick.Nicholas@lgbs.com
Anthony W. (Tony) Nims
State Bar No. 15031500
Tony.Nims@lgbs.com

ATTORNEYS FOR APPELLEES

## APPELLEES' REPLY TO APPELLANT'S RESPONSE

Pursuant to Rules 5, 26, 37 and 42.3, TEX. R. APP. P., Appellees filed a Motion to Dismiss asking the Court to dismiss this appeal for, *inter alia*, lack of jurisdiction because Appellant, Charles Wade, failed to timely file his Notice of Appeal. On May 14, 2014, the Court issued a letter instructing Appellant to provide a detailed explanation showing that the Court has jurisdiction over this appeal. On May 26, 2015, Appellant filed his Response to Court Notice of 05/14/15 and/or Response to Appellee Motion to Dismiss ("Response"). Appellees now file this Reply to Appellant's Response.

## I. SUMMARY

1.      Although a court of appeals should not dismiss an appeal for formal defects or irregularities in appellate procedure in all cases, a court of appeals cannot exercise jurisdiction when: (a) the appellant fails to file the proper "Document" timely, and/or (b) the filed Document does not constitute a *bona fide* attempt to invoke the court of appeal's jurisdiction. In this case the Appellant failed to file a proper Document timely, and he failed to file any Document invoking this Court's jurisdiction. Accordingly, this appeal should be dismissed for lack of jurisdiction.

A.    Appellant failed to file a proper Document timely

2.    Appellees contend that, to be timely, Appellant had to file his Notice of Appeal on or before October 30, 2015, but that Appellant filed his Notice of Appeal on February 15, 2015. (*See* Motion to Dismiss, ¶ 6, p.2).  Appellant does not dispute this fact.  (Response, ¶ 1, p. 4).  Instead, and based upon the filing of another Document (which purportedly constitutes a bona fide attempt to invoke this Court's jurisdiction), Appellant asserts that this Court should exercise jurisdiction pursuant to TEX. R. APP. P. 44.3 (*formerly* Rule 83) (*Id.*).

3.    However, the other bona fide Document must still be filed timely. *Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) ("We have further said that, '[i]f the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals… must allow the appellant an apportion to amend or refile…"), citing, *Grand Prairie Indep. Sch. Dist. v. S. Parts. Imp., Inc.* 813 S.W.2d 499, 500 (Tex. 1991) (per curiam).  If the other Document is not filed timely, then the Court of Appeals does not have jurisdiction.  *Foster v. Williams*, 74 S.W.3d 200, 204 (Tex.App.-Texarkana 2002, pet. denied) ("The docketing statement filed by the Fosters, even if considered to suffice as a notice of appeal, was not filed until approximately eighty days after the judgment was signed.  It was thus not timely.

When a timely notice of appeal is not filed, this Court does not have jurisdiction to consider the appeal on its merits.); *Walsh v. Woundkair Concepts, Inc.*, No. 02-14-00395-CV, 2015 WL 1544004, *5 (Tex.App.-Fort Worth, April 2, 2015, no pet.) (mem. op. on reconsideration en banc) ("Because Appellants failed to timely file any instrument in a bona fide attempt to invoke this court's appellate jurisdiction … we have no choice but to deny Appellants' motion for extension of time and to dismiss this appeal for want of jurisdiction.").

4.     Moreover, because the presence or absence of jurisdiction is more than a mere procedural irregularity, Appellant's reliance on former Rule 83, *Sanchez v. State*, 885 S.W.2d 444, 446 (Tex.App.-Corpus Christi 1994, pet. denied) and *Boulous v. State*, 775 S.W.2d 8 (Tex.App.-Houston [1st Dist.] 1989, pet ref'd) is misplaced.  Both of those cases were criminal cases, and both were later disapproved of by the Court of Criminal Appeals' en banc opinion in *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996):

> We disagree with the Corpus Christi Court of Appeals' characterization of the lack of a timely filed motion for extension of time to file notice of appeal.  It is not a mere procedural irregularity; it is a jurisdictional defect.

Accordingly, because Appellant did not timely file his Notice of Appeal, or any other proper Document, this Court does not have jurisdiction, and the Appeal should be dismissed.

3

B.    Appellant failed to file any Document invoking this Court's jurisdiction

5.    Besides being filed timely, the other bona fide Document must also invoke the Court of Appeal's jurisdiction.    Plaintiff's Response points to five documents he filed in addition to the February 15, 2015 Notice of Appeal:

> (1)    Request for Jury Trial (Response, ¶ 1, p.2);
>
> (2)    Motion for Continuance and Objection and Proposed Order Granting Motion for Continuance (Response, ¶ 1, p.2);
>
> (3)    Verified Petition for Temporary Injunction (Response, ¶ 2, p.2);
>
> (4)    July 27, 2014 Notice of Appeal to the 295th Judicial District Court from the Tax Master's Court (Response, ¶ 3, p.3, Exhibit 4); and
>
> (5)    Motion for New Trial and Affidavit in Support of the Motion for New Trial (Response, ¶ 4, p.3).

However, none of these documents state that Appellant wants to appeal the case to this Court.[1]  As a result, they do not invoke this Court's jurisdiction.  *Warwick*, 244 S.W.3d at 839.  ("[W]e have repeatedly said 'that the factor which determines whether jurisdiction has been conferred … [is] whether the instrument 'was filed in a bona fide attempt to invoke appellate court jurisdiction'.").  *See also*, *Linwood v.*

---

[1]    *In re Smith*, 270 S.W.3d 783, 786-87 (Tex.App.-Waco 2008, no pet) ("Here, Smith's letter [was sufficient because it] plainly stated his intent to appeal and identified the style and cause number of the case.").

4

*NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) (per curiam) and *Grand Prairie*, 813 S.W.3d at 500.

6. If the other Document does not make a bona fide attempt to invoke the appellate court's jurisdiction, then the appeal must be dismissed for want of jurisdiction. *Walsh*, 2015 WL 1544004, at *1-5. (Appeal dismissed because Appellants': (a) request for a copy of the reporter's record, (b) motion for judgment notwithstanding the verdict, (c) motion for new trial, (d) certificate of post-trial written discovery, and (e), statements indicating that they will, or might have to, file an appeal, did not constitute a bona fide attempt to invoke the appellate court's jurisdiction).

C.    Appellant must be held to the same standard

7. Appellant also argues that the Court should hear his appeal because he is a Pro Se litigant. (Response, ¶2, p. 4). However, "[p]ro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure." *Foster*, 74 S.W.3d, at 202. *See also*, A*pproximately $8,500.00 v. State*, No. 01-09-00316-CV, 2010 WL 4676986, *3 (Tex.App.-Houston [1st Dist.] 2010, no pet.).

### III.   CONCLUSION AND PRAYER FOR RELIEF

8. For these reasons, Appellees ask the Court to grant their Motion to Dismiss and to dismiss this appeal.

Respectfully submitted,

LINEBARGER GOGGAN BLAIR
    & SAMPSON, LLP

By: *Nick Nicholas*

    Edward J. (Nick) Nicholas
    State Bar No. 14991350
4828 Loop Central Drive, Suite 600
Houston, Texas 78701
(713) 844-3405 direct phone
(713) 844-3504 fax
Nick.Nicholas@lgbs.com

ATTORNEYS FOR APPELLEES

## CERTIFICATE OF SERVICE

I certify that a copy of Appellees' Motion to Dismiss was served by first-class U.S. Mail, certified/return receipt requested, on Charles Ronald Wade, 4318 Woodmont, Houston, Texas 77045.

By: *Nick Nicholas*

    Edward J. (Nick) Nicholas