ACCEPTED
03-17-00365-cv
21650658
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/5/2018 4:48 PM
JEFFREY D. KYLE
CLERK

## NO. 03-17-00365-CV

**IN THE THIRD COURT OF APPEALS**
**AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/5/2018 4:48:52 PM
JEFFREY D. KYLE
Clerk

*MATEO CORTEZ, AS REPRESENTATIVE OF THE ESTATE OF DEBORAH CORTEZ,*
*APPELLANT,*

*V.*

*SANDRA FLESHER BROWN; CHARLOTTE FLESHER ASH; CHARLENE FLESHER*
*JOHNSTON; CONNIE LOU KEITH BARRY; RANDALL WAYNE DAVIS; VIRGINIA*
*VILLERS; CHARLES ROBERTS; LISA A. SMITH; PATRICIA CHAPMAN; BETTY J.*
*MARKS WEBB; JAMES BERL MARKS; LINDA MURRAY; THOMAS WAYNE*
*MARKS; AND DONALD LEMAN WHITED,*
*APPELLEES.*

**Appeal from the Probate Court No. 1 of Travis County, Texas,**
**Trial Court Cause No. C-1-PB-16-002348**

## APPELLANT'S REPLY TO APPELLEES' RESPONSE TO APPELLANT'S MOTION FOR LEAVE TO AMEND NOTICE OF APPEAL

Appellant Mateo Cortez, as Representative of the Estate of Deborah Cortez, files this reply to Appellees' Response to Appellant's Motion for Leave to Amend Notice of Appeal, respectfully showing the Court as follows:

1

Appellant Mateo Cortez has demonstrated to the Court that he has standing to appeal the trial court's sanctions order against his attorneys, William Brotherton and the Brotherton Law Firm (collectively "Brotherton"), *see* Cortez Resp. to Motion to Dismiss, but also seeks leave to amend his notice of appeal to expressly include Brotherton pursuant to Texas Rule of Appellate Procedure 25.1. In response, Appellees ask the Court to narrowly limit Rule 25.1 to permit correction of only clerical or typographical errors. Appellees' Resp. at 2 (citing *Galbraith v. Williams Cos.*, No. 01-15-01084-CV, 2017 WL 2872306 (Tex. App.—Houston [1st Dist.] July 6, 2017, pet. filed)). The fact that courts allow such amendments does not limit the rule's relief to such *nunc pro tunc* circumstances.[1]

The Texas Supreme Court has consistently held that the Rules of Appellate Procedure should be interpreted liberally to allow appellate courts to reach the merits of an appeal whenever possible. *Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (insurer asserting rights to subrogation in action by condominium owners against hotel owners to recover for alleged

---

[1] Nor do the rules limit such relief to *pro se* parties like Galbraith, as Appellees suggest. All of the other cases citied in support of Appellant's position herein, in which leave to amend was granted, involved represented parties.

2

property damage from flooding did not waive right to appeal by filing notice of appeal in its insured's name). To further that principle, the court has given appellants broad latitude to amend their perfecting documents. If the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or by the rules to perfect the appeal. *Id.*; *Grand Prairie Indep. School Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991). Courts of appeals have honored this instruction in permitting amendment to add an inadvertently unnamed appellant to a notice of appeal. *See, e.g.*, *City of Hous. v. Little Nell Apartments, L.P.*, 424 S.W.3d 640, 644-45 (Tex. App. Houston [14th Dist.] 2014, pet. denied) (granting leave to amend notice of appeal to add individual defendant where the city meant to appeal on behalf of both parties but only included one in notice); *Kim v. Scarborough*, 2004 WL 1574598 at *1 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (where notice of appeal was filed in the name of the *non-party* husband of a party in the underlying suit, amendment permitted to avoid disposing of the appeal on a technicality);

Applying these principles in a case very similar to this one, the San Antonio Court of Appeals granted appellant's motion for leave to amend her

notice of appeal to include her sanctioned attorney. *Loeffler v. Lytle Indep. Sch. Dist.*, 211 S.W.3d 331, 338-39 (Tex. App.—San Antonio 2006, pet. denied). There, the trial court granted summary judgment against appellant Katherine Loeffler on her claims to disputed real property and sanctioned Loeffler and her attorney, Ted Kenyon, for filings the court deemed frivolous. *Id.* Kenyon timely filed Loeffler's notice of appeal naming Loeffler as appellant, but did not include his own name. *Id.* at 338. Kenyon then filed an opening brief challenging the sanctions against him and Loeffler. *Id.* The brief expressly addressed why Kenyon's actions were not sanctionable and sought relief from the sanctions order on behalf of both Loeffler and Kenyon. *See* Appellant Loeffler's Br., *Loeffler v. Lytle Indep. Sch. Dist.*, No. 4-04-00443-CV, 2004 WL 2386235 at *36-39, filed Oct. 7, 2004.

A month after filing her opening brief, Loeffler filed an opposed motion for leave to file an amended notice of appeal seeking to add Kenyon as a party pursuant to Rule 25.1(f). *Loeffler*, 211 S.W.3d at 338. The court of appeals found that Loeffler's brief supported the conclusion that Kenyon's name was accidentally omitted from the notice of appeal and granted Loeffler leave to amend the notice to include it. *Id.*

Here, in addition to having specifically amended the original notice of appeal to include the post-judgment sanctions order against Brotherton, and

4

specifically referencing the sanctions order in the docketing statement, Appellant's opening brief expressly and comprehensively challenges the sanctions against Brotherton and specifically addresses why Brotherton's actions in the trial court are not sanctionable. *See* Appellant's Br. at 1, 12-13, 14, 31-42. Brotherton has made a *bona fide* attempt to invoke this Court's jurisdiction over its challenge to the sanctions order. Leave to amend the notice of appeal to add Brotherton's name is warranted.

The remaining cases cited in Appellees' response do not support a contrary conclusion. In *Mustafa v. Asim*, No. 03-17-00476-CV, 2017 WL 5560084 (Tex. App.—Austin, Nov. 15, 2017, no pet.), where the notice of appeal was addressed to a specific nonfinal interlocutory order, this Court correctly rejected an amendment seeking to appeal a different order. Similarly, in *Fain v. Georgen*, No. 03-17-00313-CV, 2017WL 4766654 (Tex. App.—Austin, Oct. 19, 2017, no pet.), appellant noticed the appeal of an unappealable interlocutory order, then sought to amend the notice to include a completely different order, an earlier-appealed summary judgment order that this Court had already dismissed. Finally, in *In re Curtis*, 465 S.W.3d 364-66 (Tex. App.—Texarkana 2015, pet. dism'd), the only suggestion that a second, aligned but unnamed party was seeking appellate review was the attorney's signature on the notice of appeal indicating his representation of

both the named appealing party and the unnamed party the amendment sought to add.

Here, the sanctions order, which specifically and exclusively names Brotherton, is itemized in the notice of appeal and the docketing statement. The docketing statement identifies the sanctions as one of the issues on appeal, and it also identifies the amount of the monetary sanctions against only Brotherton. The challenge to the sanctions order against Brotherton was fully and particularly briefed. Despite the inadvertent omission of its name from the notice of appeal, Brotherton displayed an intention to be a party to the appeal at every step. For these same reasons, Appellees' claim that they did not know that reversal of the sanctions order would be sought until after the opening brief was filed, *see* Appellees' Resp. at 4, is simply not credible.

Finally, Appellees argue that they would be prejudiced by the filing of a separate appellant's brief by Brotherton and that granting leave to amend here would open the floodgates for such additional briefs in "future appeals." Appellees' Resp. at 4-5 & n.1. This groundless speculation does not support denial of Appellant's respectful request to amend the notice of appeal. Brotherton has specifically stated that it wishes to join Appellant in the notice of appeal *and* in the already filed opening brief. Appellant's Motion for Leave to Amend Notice of Appeal at 5. There will be no additional brief or briefing

other than the ordinary appellants' reply. In short, Appellees can show no genuine prejudice or disadvantage to them if the notice is amended.

## CONCLUSION

Because Brotherton's name was inadvertently omitted from the notice of appeal, because a *bona fide* attempt was made to invoke the Court's jurisdiction over Brotherton's appeal of the sanctions order, and because amending the notice will not delay the proceeding or unduly burden this Court or Appellees, we respectfully ask the Court to grant Cortez's motion for leave to amend the notice of appeal to include Brotherton's name on this appeal and to allow Brotherton to join the brief submitted by Appellant Cortez.

Respectfully submitted,

BROTHERTON LAW FIRM

By: /s/ William J. Brotherton
    William J. Brotherton
    State Bar No. 00789989
    Shawn M. Brotherton
    State Bar No. 24064956
    BROTHERTON LAW FIRM
    2340 FM 407, Suite 200
    Highland Village, TX 75077
    Phone: 972-317-8700
    Fax: 972-317-0189

    Susan S. Vance
    State Bar No. 24036562
    susan@svancelaw.com
    SUSAN VANCE LAW PLLC
    201 W. 5th Street, Suite 1100
    Austin, Texas 78701
    Phone: 512-736-7295
    Fax: 866-523-5449

ATTORNEYS FOR APPELLANT

# I. CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Appellant's Reply to Appellees' Response to Appellant's Motion for Leave to Amend Notice of Appeal* was forwarded, on this 5th day of January, 2018, to the following:

| | |
|---|---|
| Amanda G. Taylor | Craig Hopper |
| Beck Redden LLP | Brian T. Thompson |
| 515 Congress Avenue, Suite 1900 | Claire D. East |
| Austin, TX 78701 | 400 W. 15th Street, Suite 408 |
| | Austin, TX 78701 |

*Attorneys for Appellees: Linda Lou Marks Murray, individually; Charlene Rae Flesher Johnston; Charlotte Fae Flesher Ash; Sandra Kay Flesher Brown; Thomas Wayne Marks; James Berl Marks; Betty J. Webb; Patricia A. Chapman; Lisa A. Smith; Charles Bruce Roberts, Jr., Virginia Ann Roberts Villers; Randall Wayne Davis; Sherry Lynn Whited Salsbury; Terry Lee Whited; Michael Ray Whited; Donald Leaman Whited; and Connie Lou Keith Barry*

/s/ William J. Brotherton
William J. Brotherton