**DISMISS and Opinion Filed September 10, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01060-CV

**COREY STEELE, Appellant**
**V.**
**UNICON GROUP, LLC D/B/A UG CONTRACTING AND**
**CY ADDISON HOSPITALITY PARTNERS, LLC, Appellees**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-07861**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Nowell
Opinion by Chief Justice Burns

On August 30, 2019, appellant filed his pro se notice of appeal. Appellant appeals from the temporary injunction signed by the trial court on July 10, 2019.[1]

An appeal from an interlocutory order granting a motion for a temporary injunction is accelerated and must be filed within twenty days or, with an extension motion, thirty-five days, after the order is signed. *See* TEX. RS. APP. P. 26.1(b), 26.3, 28.1(a). Without a timely filed notice of appeal, this Court lacks jurisdiction. *See id.* 25.1(b).

The notice of appeal was due July 30, 2019, twenty days after the date the temporary injunction was signed. *See* TEX. R. APP. P. 26.1(b). Appellant filed his notice of appeal thirty-one

---

[1] In the notice of appeal, appellant lists four orders he is appealing. Only the order granting the temporary injunction is subject to interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4).

days late. Recognizing that his notice of appeal was untimely, appellant requests in his notice of appeal that we accept his "Federal Filing Complaint and Request for Injunction" filed in both the trial court and in federal court on July 12, 2019 as his "original notice of intent to appeal." He explains that "he was unaware that you could appeal an interlocutory order, and has only recently been able to do the research required to prepare this filing and apologizes for its untimely nature." We hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *See In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (*citing Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.* at 212.

An appeal is perfected, and jurisdiction is conferred upon an appellate court, if the instrument seeking review of the lower court's order or judgment was filed in a bona fide attempt to invoke the appellate court's jurisdiction. *See Warwick Towers Council of Co–Owners v. Park Warwick, L.P.,* 244 S.W.3d 838, 839 (Tex. 2008) (per curiam). In the federal complaint, appellant seeks relief from the federal court, not review from this Court. Moreover, at the time the federal complaint was filed, appellant was unaware he could appeal. For these reasons, we cannot construe that document as a timely notice of appeal.

Because appellant failed to timely file his notice of appeal, we dismiss this appeal and the pending motion for emergency stay for want of jurisdiction. *See* TEX. R. APP. P. 42 .3(a).

/Robert D. Burns, III/

ROBERT D. BURNS, III
191060F.P05                                                  CHIEF JUSTICE

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COREY STEELE, Appellant

No. 05-19-01060-CV V.

UNICON GROUP, LLC D/B/A UG
CONTRACTING AND CY ADDISON
HOSPITALITY PARTNERS, LLC,
Appellees

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-19-07861.
Opinion delivered by Chief Justice Burns.
Justices Molberg and Nowell participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered September 10, 2019