**Order filed June 29, 2021.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-19-00516-CV

———————

**ANTONIO RUIZ, MARTHA RUIZ, AND ALL OCCUPANTS OF 11207 BAYOU PLACE LANE, HOUSTON, TEXAS, 77099, Appellants**

**V.**

**INVUM THREE, LLC, Appellee**

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1134013**

## A B A T E M E N T   O R D E R

Appellants timely filed their notice of appeal to this court with the county clerk on June 27, 2019, seeking to appeal the county civil court at law's judgment signed on June 17, 2019 in favor of appellee Invum Three, LLC. However, the notice of appeal states "**COMES NOW** MARTHA RUIZ, et. al. Defendants in the above captioned cause and hereby filed this *NOTICE OF APPEAL* pursuant to TEX. R. APP. PROC." The caption on the notice of appeal lists the defendants as

"Antonio Ruiz, Martha Ruiz and all occupants, 11207 Bayou Place Lane Houston, Tex 77099 The Premises." Likewise, the docketing statement filed lists the appellant in this case as "Martha Ruiz" but lists the case style as "Martha Ruiz, et. al v. Invium Three, LLC." The other appellate documents filed by appellant(s) refer to appellant(s) as either "Martha Ruiz, et. al" or "Martha Ruiz and Antonio R. Ruiz, and All Occupants at 11207 Bayou Place Ln., Houston, Texas 77099."

The Texas Rules of Appellate Procedure mandate that the notice of appeal must "state the name of each party filing the notice." Tex. R. App. P. 25.1(d)(5). The notice of appeal filed in this case fails to do so.

When perfecting an appeal, the factor which determines whether jurisdiction has been conferred on the appellate court is not the form or substance of the bond, certificate, or affidavit, but whether the instrument was filed in a bona fide attempt to invoke the appellate court's jurisdiction. *Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (per curiam). Here, the notice of appeal filed was a bona fide attempt to appeal, and therefore, we conclude that we have jurisdiction over the appeal and that appellant(s) are permitted to amend the notice in order that the merits of the appeal are addressed to the correct appellant(s). *See id.*

Accordingly, we ABATE the appeal and order the appellant(s) to file an amended notice of appeal stating the name of each party filing the notice. *See* Tex. R. App. P. 25.1(d)(5), (g); *Warwick Towers*, 244 S.W.3d at 839. The amended notice of appeal shall be filed with the Clerk of this Court on or before **July 26, 2021**. *See* Tex. R. App. P. 25.1(g) (providing for an amended notice of appeal to correct "a defect or omission").

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the amended notice of appeal is received by the Clerk of this Court. The Court will

also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion.

It is so ORDERED.

PER CURIAM

Panel Consists of Justices Spain, Hassan, and Poissant.